## FELANA PINKARD v. S. D. PINKARD.

Separation and intention to abandon must concur, in order to constitute the ground for divorce contemplated by the Statute. But they need not be identical in their commencement. If one party should leave the other on business, and afterwards determine not to return, the desertion would commence from the time the intention to abandon was formed.

The charge of adulterous intercourse against the wife, if groundless, is undoubtedly an act of gross cruelty.

A new trial will not be granted to the plaintiff in an action for divorce, on the ground of newly discovered evidence, where such evidence relates to a ground of divorce not alleged in the petition.

Appeal from Harrison.

*D. S. Jennings, R. N. Stansbury* and *E. Clark,* for appellant.

HEMPHILL, CH. J. The original petition claimed divorce, on the ground of abandonment, and by the amended petition it was claimed also on the ground of cruelty, ill treatment and personal indignities.

At the trial, no attempt was made to establish the charges of cruelty, and the proof did not sustain the charge of abandonment.

A motion for new trial was made on the ground of newly discovered evidence, and on the hearing of that motion a letter from the husband (the defendant) was read, in which he declares his intention never to live with his wife, (the plaintiff,) that he will divorce her as soon as the law will permit, and charges her with adulterous intercourse with other men, which he can prove by witnesses whom he names.

The motion for new trial was overruled, and this action of

the Court is the principal ground upon which the plaintiff relies for the reversal of the judgment.

But we are of opinion the Court did not err in refusing the motion for a new trial. To sustain an application for a new trial on the ground of newly discovered evidence, several requisites must concur and be shown to the Court. There must be reasonable diligence. The evidence must be material to the issue formed by the pleadings, discovered since the trial, and not merely cumulative. (3 Tex. R. 49; 4 Id. 311; 6 Id. 36; 8 Id. 463; 11 Id. 314.)

One of these essential requisites is wanting in this evidence, and that is materiality. The issue in this case was as to the fact of intentional abandonment for three years, and of cruelties and indignities to the person. The letter shows an intention to abandon; but this, for aught that appears, had its commencement from the date of the letter. Separation and intention to abandon must concur, in order to constitute the ground for divorce, as contemplated by Statute. But they need not be identical in their commencement. If one party should leave the other on business, (as the husband did in this case,) and should afterwards determine not to return, the desertion would commence from the time the intention to abandon was formed. The letter was written but two or three months before the filing of the petition, and as the intention there shown could not operate retrospectively to the time of the husband's leaving the wife, the letter, if introduced, would furnish no such evidence of abandonment as would sustain the issue, and consequently a new trial was properly refused.

Nor would the letter conduce to prove the cruelties and indignities to the person alleged in the petition. The charge of adulterous intercourse against the wife, if groundless, is undoubtedly an act of gross cruelty. (6 Tex. R. 18; 3 E. E. R. 327; Id. 26; 1 Green. Chan. R. 459; Bishop on Marriage and Divorce, Sec. 462.) But such is not the character of cruelty averred in the petition, and the charge though (if malicious) it be a cruelty in itself, yet would not prove the cruelties

to the person averred in the petition. These alone were in issue. The defendant was not authorized to contest, nor was the Court authorized to adjudicate any other.

The letter, therefore, and the facts shown by it, being immaterial to the issue, was properly considered as insufficient ground for the grant of a new trial, and the motion for that purpose was rightly overruled.

Judgment affirmed.