# THE
# TEXAS LAW REPORTER
## AUSTIN, TEXAS, FEBRUARY, 1884.

## W. GIBSON JONES vs. LULA V. JONES.

### SUPREME COURT, GALVESTON TERM, 1883.

*Service.*—The objects of Articles 1230 to 1233 of the Revised Statutes was to provide for an easier and less expensive method of effecting service on non-residents than by publication, and at the same time to make certain that the defendant has full notice of suit, to carry out which, the statute must be given a liberal construction in disregard of technicalities.

*D'vorce—Jurisdiction.*—The statutes of this State make the jurisdiction of the court in divorce suits depend upon the bona fide residence of the plaintiff for six months next preceding the filing of such suit, in the county where the suit is filed.

*Same—Practice.*—When the plaintiff in a divorce suit is shown to be a bona fide resident of the county, in Texas, in which the suit is brought, the State of Texas has the right to pass upon the question affecting the material relation of the parties, no matter where were committed the offenses for which divorce is sought.

*Same—Pleading.*—It is not improper to include in a petition for divorce general charges of cruelty, and follow them by allegations of one or more specified acts, which may or may not be included in the general charge.

*Same.*—It is sufficient in a divorce suit to allege that certain acts of cruelty occurred between remote months like November 1877 and May 1878, especially when subsequent acts of cruelty are averred with great particularity. Wherefore the court did not err in overruling demurrer upon such ground, and in admitting relevant testimony upon such allegations.

*Same—Practice.*—An exhibit made part of the petition in this case showed that the New York bill of divorce was sworn to before a notary public of that State. The presumption of law is, that the notary had authority to take the affidavit; and the same presumption exists in favor of the jurisdiction of the court in which the bill was filed. If the officer had no authority to administer the oath, and the court no jurisdiction, the defendant should have so alleged and proved.

*Same.*—It was not improper to attach a copy of the bill to the petition, in as much as it constituted in part, the cause of action, and was in aid and explanation of the allegations of the plaintiff.

*Same—Pleadings,* whether good or bad on demurrer may be read to the jury as such, if they have not been stricken out on proper exception.

*Same—Condonation.*—Reconciliation does not bar a divorce suit based upon precedent outrages when the ill treatment has been renewed whilst the parties were subsequently living together, and again by acts of cruelty occurring since the plaintiff became a citizen of Texas.

*Same.*—The statutes of our State, with respect to cruel treatment, does not confine such treatment to bodily harm, or threats of the same, but properly includes within the meaning of excesses, cruel treatment and outrages, insults or injuries to the mind or heart. Accusation of adultery preferred by the husband against the wife is good ground for divorce in this State.

*Same—Evidence.*—See the opinion for a review of evidence held sufficient to sustain a decree of divorce.

Appeal from Camp County.

*White, Henry, White & Plowman* for appellant.

*McLane, Crawford & Crawford* for appellee.

Opinion by Willie, C. J.

The assignments of error in this cause are sixty-seven in number, of which fifty-five are relied on for a reversal of the judgment. We shall consider only such as we deem of any importance, passing by without notice all such as are either not supported by the record, or present points unnecessary to be considered.

We think the service upon defendant, and the return of the same are sufficient under our revised statutes. These statutes are not to be construed strictly as in derogation of the common law, but liberally, and with view to effect their objects and promote justice. The object of Articles 1230 to 1233 of the Revised Statutes was to provide for an easier and less expensive method of effecting service on non residents than by publication, and at the same time to make it certain that the defendant has full notice of the suit. To carry out these objects, we must give the statute a liberal construction, disregarding technicalities and supplying by intendment what the law in other cases would presume had been done. The defendant was a non-resident and this authorized the service. The application for the notice will be presumed when it has issued and especially when it has been asked in the petition. It is also a fair presumption that the party making the service is competent and disinterested until the contrary is proved and the signature and the seal of the officer to the grant, as made in the present case, is as full and complete as is required by the statute.

As to the jurisdiction, it is doubtless a general rule that the wife's domicile is the same with that of her husband. When, however, the

law authorizes a suit for a divorce by the wife and makes the juris-
diction depend on her residence as does our statute (Revised Statute
2862, 1198) the provision would be idle if her domicile is of necessity
to be the domicile of her husband. It would be in effect to allow
the wife to sue her husband at the place of his residence, a privilege
she has without any such provision. The plaintiff here alleges that
she is a bona fide inhabitant of Camp county, where the suit was
brought, and had been so continuously for six months before the
commencement of this action. The bona fides of her residence de-
pended upon whether or not she had sufficient grounds for leaving
her husband and had taken up her residence in Camp county, not
solely for the purpose of suing her husband for a divorce, but with
the intention of making that county her permanent home. We
think that all such facts are fully stated in the petition and the court
had jurisdiction of the cause. Besides one of the acts for which this
divorce is sought and an act certainly sufficient to authorize it, it was
committed in the State of Texas, after the plaintiff became a resi-
dent here.

The plaintiff being a bona fide resident of the county of Camp,
the State of Texas had the right to pass upon questions affecting the
continuance of marital relation between the parties, no matter where
the offences for which the divorce was sought had been committed.

This is too well settled by authority to require argument in sup-
port of it. Cooley on Con. Lim.,400 to 401; 2 Bishop on Mar.and div.
pp. 171 to 172; Ditson vs. Ditson, 4, Rhode Island, 87; Cheem vs.
Wilson, Will. 123.

Decisions to the contrary may be found in some states, but as a
general rule it is owing to the existence of some statute with pro-
visions to the contrary. Any other are against the weight of au-
thority, such as Edwards vs. Green, 9, La., 317, cited by appellant's
counsel. We have no clause in our statutes varying the general
principle established by the weight of authority and in accordance
with it, we think our district courts can decree divorces for causes
arising outside the limits of the State.

Special demurrers, Nos. 6 and 10, were properly overruled. With-
out reference to any other acts of cruelty the two charged to have
occurred since the appellee has been residing in Texas, are sufficient-
ly alleged to require those exceptions should be overruled. We be-

lieve also that there is nothing in the exception, taken to the manner of alleging the acts of cruelty committed between November 1877 and May 1878. The petition charged a continued course of wrongs excesses, and cruelties, extending over a long period of time, viz : five month, which finallay culminated in acts of outrage which were specified with all particularity. It is not improper to include in a petition for divorce general charges of cruelty and follow them by allegations of one or more specified acts, which may not be included in the general charge. 2 Bish., 651, 648a. Whisfill vs. Whisfill, 4 Barb., 218. And in accordance with thisrule are the forms in the English Ecclesiastical court. 2 Bish., 650. This latter author says that good pleading requires that the libel, in addition to the special charges, should contain proper general ones under which to prove general conduct, temper and the like.

2 Bish., 652, and our court in Wright vs. Wright, 3 Texas, 182, seem to recognize the same rule as to general allegations. And in same case at page 181 seems to consider averments of a course of misconduct from which outrages might be inferred to be sufficient for same purposes.

But may it not be said that these acts are averred with sufficient certainty for divorce pleadings ? Mr. Bishop says that such pleading is somewhat different from what is used in ordinary cases. It certainly is not required that the acts should be averred with the certainty of an indictment. The forms used in the English courts and in some of those of the United States do not allege the precise day and place of the occurrence of the acts. The place is scarcely ever alleged and the time no more certainly than by reference to the month of the occurrance. 2 Bish. 650a.

Smedly vs. Smedly, 30 Ala., 714; Beebe vs Beebe, 10 Iowa, 133, 19, Ib. 34; 13, Ib.266.

Our own court, in Wright vs. Wright, 6 Tex., 3, considered an act of cruelty sufficiently specific that gave the month when it happened without mentioning the place where it happened. The object of the pleading is to give the defendant notice of the charge he will be called on to meet, and we think that object was accomplished in the present case. The time was between the last of November and the first of May, and the defendant could not mistake as to the place when events occurring during that time must have taken place. We

are of the opinion that, taking into consideration the manner in which the acts committed between November 29, 1877 and May 1878, are alleged and the fact that the subsequent outrages are specifyied with great particularity, the demurrers to these allegations were properly overruled. That these allegations taken in connection with the averment of domicile gave the court jurisdiction, if proved, and rendered the acts of cruelty alleged to have been committed subsequently good grounds of divorce. See Wood vs. Wood, 5 Iredell, L. R., 174. And holding as we do upon this subject it necessarily follows that the court did not err in admitting relevent testimony, under these allegations, and in submitting issues upon them to the jury. This disposes of all assignments of error upon such rulings of the court below.

The 19th assignment of error is not supported by the record, as acts of cruelty are alleged to have occurred after the reconciliation of February 1877 and before the final separation in May 1878, which were followed by greater outrages committed subsequent to the last mentioned date.

There was no error in overruling special demurrers 16. The exhibit made part of the petition shows that the New York bill of divorce was sworn to before a notary public of that State, and the presumption is that he had authority to take the affidavit. The same presumption exists in favor of the jurisdiction of the court in which the bill was filed. If the officer had not authority to administer oaths, or the court jurisdiction, the defendant should have so alleged and supported his allegations by proof. Besides we see no necessity for proving that the bill was sworn to. Allegations of the character which it contains made by a husband against his wife are acts of cruelty whether sworn to or not.

Nor was it improper to attach a copy of the bill to the petition. It constituted in part the cause of action, and in aid and explanation of the allegations of the plaintiff, which had been fully made in the petition itself. Rule 19 for District Court.

The affidavit attached to the petition was read to the jury not as evidence, but as pleading, no exception had been to it and pleadings whether good or bad, on demurrer, may be read to the jury as such if they have not been stricken out on proper exceptions.

As to all assignments which set up condonation it is sufficient to say that the reconciliation of November 1877 did not bar suit based

upon the precedent outrages, the ill treatment having been renewed, whilst the parties were subsequently living together, and again by acts of cruelty occurring since the plaintiff became a citizen of Texas. Wright vs. Wright, 6 Tex. 3; Nogees vs. Nogees, 7 Tex. 538.

The evidence of Flatau was to particular language used by appellant which amounted in substance to what that language was charged to be in the petition, and this was sufficient and did not amount to a variance. The evidence of Byles was admissible as being in proof of specific acts, which though not specifically alleged, could be received as explanatory of those averred and as giving weight to them. 2 Bish. 653; David vs. David, 27 Ala., 222 to 224.

There was sufficient to authorize the jury, under special issue No. 3, to find for the plaintiff. The facts set forth in appellant's brief as showing improper conduct on the part of Mrs. Jones are of the most trivial character. The proof was abundant to show that she had suffered wrongs at his hands, which in a great measure palliated, if they did not entirely excuse any slight offences she may have committed. The evidence is somewhat conflicting, but there is abundant proof in the record to show that the husband's conduct was such as to drive his wife to commit every apparent offense he has proven against her including even final abandonment. See Sheffield vs. Sheffield, 3 Tex., 79.

Admitting that there was proof to show that defendant contributed towards the support of his wife, and that the finding of the jury was against the evidence on the fourth issue; there was sufficient in the verdict upon the other issues, if supported by proof, to justify the divorce. If the jury had found for the defendant on this particular issue, and for the plaintiff upon the others, the court should nevertheless have entered a decree in accordance with the prayer of the petition. What we have heretofore said on the subject of general and special allegations is sufficient to dispose of the fourth assignment of error, so far as special issue No. 6 is concerned. It was not necessary to prove every single charge alleged in the petition to have been made against plaintiff by her husband during their married life and previous to their final separation. Proof that he had accused her of unchastity was sufficient for the purpose for which the allegation on that subject was made in the petition.

As to the fourth and fifth charges asked by appellant and refused by the court they had been substantially given so far as they were

good law in submitting special issue No. 3, which we have already considered. The principles contained in these charges, however praiseworthy in conventialities, cannot be laid down to their full extent as correct rules of law governing in cases like the present. The law looks, with much indulgence upon the conduct of a woman, who is unjustly charged by her husband with the highest offense she can commit against his conjugal rights and excuses any outburst of resentment on her part under such accusations. Mayburgh vs. Mayburgh, 7 B., Mour., 429.

The very section of the book quoted in support of these instructions says, in effect, that though the ill conduct of the wife has contributed in a measure to what she complains of in her husband, still if the latter was very aggravated, it is good ground of granting her a divorce, 768.

The charges asked for were inconsistent with this principle and were rightly refused. The forty-sixth and fiftieth assignments of error, which are directed to the charge on the subject of the New York bill of divorce, are not well taken. If this bill was filed without any grounds for so doing, and under the circumstances proven on the trial, it was maliciously done, the defendant introduced no proof whatever to sustain the charges made in the bill was in justification of his conduct in bringing the suit, and hence the inference that it was maliciously done was irresistible. It was not necessary to prove motive, more expressly, than was to be gathered from the antecedent conduct of the husband and the feeling he displayed against her in his conversations with other persons.

The remaining assignments and propositions which are of any importance, may be considered together as they refer to the insufficiency of the evidence to support the verdict or to justify the remaining charges given by the court.

Enough of the facts alleged in the petition were substantially proved to authorize the verdict of the jury and the decree of the court. The charges as to the idleness of the defendant and his failure to support his wife were not very satisfactorily proven, nor do we deem them important.

It was fully proven, however, that the appellant stated to his wife that he did not believe he was the father of her children born during the marriage. This was in effect to accuse her of adultery and of

being the mother of an illigitimate child. It was also proven that he filed against her in the courts of New York a bill praying for divorce in which he alleged that she had committed two distinct acts of adultery at specified times at a particular place and with unknown men. It was further shown that he stated to one of the residents of the place where she lived, after her removal to Texas, that she was guilty of the most enormous of offenses against the decency, virtue and her marriage vows. The language used is too foul to report in a judicial opinion. It shocks the sensibility of every decent person and includes charges which no innocent woman could survive except in perpetual anguish. Not one spark of evidence is introduced by appellant to contradict these proofs against him, and he brings no testimony even of the slightest character to throw a suspicion upon the virtue of his wife, much less to establish these grave offenses laid by him to her charge.

Such outrages are good grounds for divorce in our State. Our statute differs from those of a majority of the states in respect to the cruel treatment which will authorize a divorce. It does not confine such treatment to bodily harm or threats of the same, and properly includes within the meaning of excesses, cruel treatment and outrages, insults or injuries to the mind or the heart. In some of the states it is not ordinarily decreed sufficient cause for divorce that the husband should have accused his wife of unchastity, but as an act of gross cruelty almost enough of itself for that purpose. 1 Bishop on marriage and divorce, 726. Our courts, under the peculiar wording of our statute, hold it not almost but altogether a sufficient act of cruelty to justify dissolving the bonds of matrimony. Pinkhard vs. Pinkhard, 14 Tex., 356; Shreck vs.Srheck, 32 Tex, 579; Sheffield vs. Sheffield, 3 Tex., 79.

And why should it not be so held ? What are wounds to the person as compared with those that affect the mind ? The former may be healed; the latter is endured for a life time. Of all the treasures cherished by a woman her reputation for chastity is the dearest. It is the immaculate pearl of her soul. And when an attempt is made by her husband, who should be her protector, to rob her of it, cruelty on his part has reached its utmost limit. He not only destroys her peace of mind, but exposes her to the contempt of the world and the insults and assaults of the worst of mankind.

But it is urged that the mere charge of adultery contained in a

bill of divorce, filed in another state is not sufficient to authorize a divorce; and a dictum of Judge Lipscomb is cited to sustain this point. Simon vs. Simon, 13 Tex., 475.

Were this the only ground upon which the present divorce is sought it might be necessary for us to consider whether or not this dictum is good law. But here the charge is not only made in the bill of divorce but is followed up by public assertions of the wife's character, denouncing her not only as an adultress, but as having reached, if possible, a still lower degree of female depravity. In such case it is strongly intimated in the opinion of the same learned judge that good ground for divorce would be presented. See also Wright vs. Wright, 6 Tex., 3; Sharman vs. Sharman, 18 Tex., 526.

In the latter case such conduct is characterized as an outrage to the feelings of the wife, and a cruelty of the most base and aggravated character; inconsistent with the matrimonial relations, its duties and affections.

We think the charges of adultery brought against the wife when taken together and in connection with the remainder of the evidence showing the complete and utter want of the least grounds for making them, were sufficient to require the decree of divorce rendered by the court.

As to the question of recrimination we think it scarcely deserves notice. Recrimination is a valid defense when the recriminating fact is of a like character with the act of the defendant for which the divorce is sought, or when the differences between the offense of the plaintiff and that of the defendant is merely slight in degree of guilt. But some allowance must be made for human frailty and the plaintiff must not be required to be without fault, in order to obtain a divorce for the defendant's great wrong. This is what was held by Judge Moore in Hale vs. Hale, 47 Texas, 336, and is a correct exposition of the law on the subject. Hence the faults alleged against the plaintiff were "trifles light as air" compared to the unbounded wrongs heaped upon her by the defendant; and we do not think such recrimination was established as would avail him as a defense.

From what has been said it is clear that all points made upon the sufficiency of the proof to warrant the charges of the Judge below, or to establish the jurisdiction, must be decided against the appellant.

There is no error in the judgment and it is affirmed.