AMELIA WAGNER *vs.* FRANK WAGNER.

December 21, 1886.

| 36 | 239 |
| 39 | 395 |
| 36 | 239 |
| 53 | 181 |
| 36 | 239 |
| 81 | 289 |
| 36 | 239 |
| e86 | 252 |

Suit for Absolute Divorce — Power of Court to Grant Separation.—In an action by the wife against the husband for divorce *from the bonds of matrimony*, on the ground of cruel and inhuman treatment, the court may grant a separation *from bed and board*, if the evidence warrants it, and the plaintiff asks for it.

Same — Decree Refusing Absolute Divorce — Complaint for Limited Divorce on Same Grounds.—A judgment upon the merits against the wife, in an action for absolute divorce on the ground of cruel and inhuman treatment, is a bar to any subsequent action by her for a limited divorce upon the *same* grounds.

Divorce—Cruelty — Malicious Charge of Adultery against Wife.—A malicious and groundless charge of adultery, made by the husband against the wife, may constitute "cruel and inhuman treatment," within the meaning of the statute.

Same—Allowance for Expenses of Appeal.—In an action for divorce, this court has the power, upon a proper showing, to require the husband to pay to the wife such sum as may be necessary to enable her to prosecute or defend an appeal in this court.

Appeal by plaintiff from an order of the district court for Hennepin county, *Young*, J., presiding, refusing a new trial.

*C. H. Benton,* for appellant.

*Robinson & Baker,* for respondent.

MITCHELL, J. In June, 1884, plaintiff left the bed and board of defendant, and brought an action against him for a divorce *from the bonds of matrimony*, on the alleged ground of cruel and inhuman treatment. The action was tried, and judgment rendered against plaintiff, December, 1884. The judgment is not contained in the record, but it appears that the action was tried and submitted on the merits, and findings of fact adverse to plaintiff made and filed, with an order "that the action be dismissed," and "that judgment be entered accordingly," which was done. This would be a judgment on the merits. 2 Bish. Mar. & Div. § 766; Freem. Judgm. § 313.

In June, 1885, plaintiff brought the present action for a *limited divorce*, on the grounds of cruel and inhuman treatment by defendant, and such conduct on part of defendant towards plaintiff as rendered it unsafe and improper for her to cohabit with him. As to all facts alleged as cruel and inhuman treatment prior to June, 1884, defendant pleaded the judgment in the former action in bar. On the trial the plaintiff offered to prove that on the night before she left defendant, (and prior to the commencement of the former action,) he violently choked and otherwise assaulted her. The exclusion of this evidence is now assigned as error. This presents the question whether, after judgment upon the merits against her in an action brought by a wife for *absolute divorce* on the ground of cruel and inhuman treatment by her husband, she can maintain an action for *limited divorce* on the same grounds which constituted her cause of action in the first suit, or whether the judgment in the first is a bar to the second. We apprehend this depends upon whether, in the first action, the plaintiff might have obtained the relief prayed for in the second. Although our statute relating to absolute divorces, and that relating to limited divorces, are two separate acts, yet the proceedings under both are to be commenced and conducted in the same manner. Gen. St. 1878, c. 62, § 34. The formal allegations required in the complaint in the first, include everything that is required in the complaint in the latter. Cruel and inhuman treatment, as a cause for divorce, is common to both. The two actions are intimately related to each other. The relief asked for in an action for absolute divorce may be said to include the relief asked for in an action for limited divorce, in the same sense in which the whole includes the part. They seek for different degrees of change in the marriage relation, and concern the same subject-matter. *Fera* v. *Fera*, 98 Mass. 155.

In those states where the same grounds are cause for either kind of divorce, it is often left to the discretion of the court, upon the trial, which kind shall be granted. In some jurisdictions it is the practice to state in the same complaint one cause of action for absolute divorce, and another for a limited one, and put the prayer for relief in the alternative, and upon the trial the court will grant the one or the other, according to the proof. *Young* v. *Young*, 4 Mass. 430.

We see no good reason why; in an action for an absolute divorce on the grounds of cruel and inhuman treatment, the wife might not obtain a separation from bed and board, if the evidence warrants it. We apprehend that there might be cases in which a court would, in the exercise of a sound judicial discretion, grant a separation from bed and board on account of cruel and inhuman treatment of the wife, when it would not grant an absolute divorce; and if the wife desires the limited in case she cannot obtain the absolute divorce, she ought to make her prayer for relief in the alternative. The doctrine that what is once litigated to final judgment cannot be retried between the same parties, governs divorce equally as other civil actions. If a plaintiff fails to obtain the relief which she asks for, she ought not to be permitted to bring a second suit on the *same* cause of action for a *part* of that relief, when she might have obtained this partial relief in the first action.

The judgment in the first action was a bar to any new application for a divorce from bed and board upon the same grounds or facts, and the court was right in excluding the evidence.

Appellant contends, however, that although this judgment was a bar to any divorce from bed and board on the same facts, yet the evidence excluded was competent and material to explain and characterize the subsequent conduct of the parties, and especially to justify or excuse the refusal of plaintiff to return to the bed and board of defendant. Under some circumstances this might be so, but in the present case the evidence was not offered for any such purpose, nor in any connection in which it could have subserved such an object. When it was offered, the evidence of the refusal of plaintiff to return to defendant had not been introduced. This assault was the first fact offered to be proved on the trial, and was evidently intended as an affirmative and substantive part of plaintiff's cause of action.

2. To further prove the cruel and inhuman treatment alleged in the complaint, the plaintiff introduced the records and files in an action for divorce brought by defendant against her in January, 1885, in the complaint in which he charged her with numerous and repeated acts of adultery with four different men, all of which she denied under oath, in her answer. Upon a trial of these issues by a

jury, a verdict was rendered in her favor, and judgment rendered thereon in May, 1885. The settled "case" in the present action, which the trial judge certifies contains all the evidence offered or introduced on the trial, shows that the defendant offered no evidence tending to show that he made those charges in good faith, or that he had any probable cause for making them. Under the circumstances, (the verdict of the jury in the former action having exonerated the wife,) we think the burden was upon defendant to show that he had probable cause for making these charges, and that he made them in good faith. A charge of adultery, made by the husband against the wife, if malicious and without any probable cause, may constitute cruel and inhuman treatment, within the meaning of the statute. *Kennedy* v. *Kennedy*, 73 N. Y. 369; *Pinkard* v. *Pinkard*, 14 Tex. 356, (65 Am. Dec. 129;) *Powelson* v. *Powelson*, 22 Cal. 358; *Carpenter* v. *Carpenter*, 30 Kan. 712, (2 Pac. Rep. 122;) *Bahn* v. *Bahn*, 62 Tex. 518; *Palmer* v. *Palmer*, 45 Mich. 150, (7 N. W. Rep. 760.)

The court below seems to recognize this as the law, but states in his decision "that, upon the trial of the action brought by defendant against his wife, there was positive evidence supporting the charge; but the jury which tried the case was evidently not satisfied of its truthfulness." The court also states that "if the imprudence of the wife in her relations with men other than her husband were such as led her husband to honestly believe that his wife had been unfaithful to him, the bringing by him of the action referred to was not such wrongful conduct on his part as, of itself, would entitle the wife to maintain an action for separation, under the statute." While the court does not directly so find, in so many words, yet his whole decision goes upon the theory, and *assumes as a fact*, that there was evidence which proved that defendant had probable cause for making the charges, and that he believed them to be true; and we think we must treat this as a fact found by the court. But, as the "case" shows there was no such testimony, any such finding is utterly without evidence to support it. How this mistake occurred we can only surmise. But it is one which may have entirely changed the decision of the case, and consequently we feel compelled to grant a new trial.

The appellant makes a motion in this court for an allowance to enable her to prosecute this appeal. We have no doubt of the power of the court, upon a proper showing, in a suit for divorce, to make an order requiring the husband to pay to the wife such sum as may be necessary to enable her to prosecute or defend an appeal in this court; but as this appeal is now decided, and the case goes back to the district court, which has ample power in the premises, we decline to consider appellant's application.

Order reversed.