SUSANNA WAGENER and Others v. CITY OF ST. PAUL.[1]

January 3, 1901.

Nos. 12,360—(161).

**Estoppel by Verdict.**

It is *held* that a former judgment between the ancestor of the plaintiffs and the defendant is conclusive in favor of the plaintiffs upon the fact that they are the owners of the land for the recovery of which this action was brought.

Action of ejectment in the district court for Ramsey county. The case was tried before Otis, J., who directed a verdict in favor of plaintiffs. From an order denying a motion for a new trial, defendant appealed. Affirmed.

*James E. Markham* and *Franklin H. Griggs,* for appellant.

*B. H. Schriber* and *W. H. Williams,* for respondents.

START, C. J.

This action, in form, is ejectment, to recover the possession from the defendant city of the land occupied by it for the piers and approaches of the south end of its Wabasha Street bridge. The here material facts are not disputed, and they are these: The plaintiffs are the heirs at law of John Wagener, deceased;

1 Reported in 84 N. W. 734.

and, if he died seised in fee of the land in question, the plaintiffs own it. It does not appear from the defendant's answer, or otherwise from the record, what the basis of its claim to the land is. The plaintiffs on the trial offered in evidence the judgment roll in a case in the district court of the county of Ramsey wherein John Wagener, the plaintiffs' ancestor, was plaintiff, and the city of St. Paul was defendant, which was received without objection, and then both sides rested. The land described in the complaint and judgment in such action included the land here in controversy. The trial court, at the request of plaintiffs, thereupon directed the jury to return a verdict for the plaintiffs, and the defendant appealed from an order denying its motion for a new trial.

The only question presented by the record for our decision is whether the former judgment received in evidence is conclusive upon the question of the plaintiffs' title to the land. The complaint in the original action alleged that the plaintiff was the owner in fee of the land therein described; that the city had instituted and prosecuted certain condemnation proceedings for the purpose of acquiring the land for a public street or levee; that the city, by virtue of such proceedings, claimed to be the owner in fee of the premises, and threatened to enter upon and take possession thereof and tear down the buildings thereon; that the condemnation proceedings were void, and were, with an assessment made in connection therewith, a cloud on his title. The prayer of the complaint was that the cloud might be cancelled and the city be forever enjoined from entering upon the premises. The answer of the city admitted that the plaintiff was the owner of the land, set up the condemnation proceedings, and alleged facts tending to show their validity. The answer also contained these allegations:

"This defendant admits that it claims to own said land in fee simple, by virtue of the several proceedings hereinbefore mentioned and referred to, for a street or levee, in accordance with the several acts of the legislature relating to the condemnation and taking of property within the city of St. Paul for public streets and highways; and the defendant avers and states said claim is well founded, as the taking and the condemnation were

in all particulars in accordance with law, and that all of said proceedings are not only valid upon their face, but are in fact."

The cause was tried and the court made its findings of fact, among others, that, except as his title thereto was affected by the condemnation proceedings, the plaintiff was the owner in fee of the land. The court also found other facts, which were the basis of its conclusion of law that such proceedings were void, and that the city be forever enjoined from entering upon the plaintiff's land. Judgment was so ordered December 26, 1884, and entered accordingly March 23, 1900.

Conceding, without so deciding, that the two actions are not strictly identical, and hence the matter is not res adjudicata, still the findings of fact and the judgment thereon in the former action operate as an estoppel by verdict against the defendant in this action upon the question of the title and right of possession of the plaintiffs to the land in controversy, and are conclusive against the defendant on that question. The defendant's counsel, however, claim that the question of John Wagener's title to the land was not necessarily involved in the former action, and was absolutely immaterial. It certainly was material, and necessarily an issue, unless admitted by the defendant; for his alleged ownershipship in fee was the sole basis upon which his action to remove the cloud on his title, and forever to restrain the defendant from entering upon his land, rested. Eliminate from the complaint in the original action the allegations as to the plaintiff's ownership, and it fails to state a cause of action. But it is claimed that the plaintiff's title was admitted by the defendant and not litigated. If this were the fact, it is not material; for, without admission or proof of the plaintiff's title to the land, no judgment could have been rendered in his favor in the former action.

It is also claimed that the parties to the two actions are not identical, because in the former action the city appeared as a claimant of a public easement in the land, while in the present action it appears in its proprietary capacity, claiming the land in fee. There is nothing in the record to justify the claim, for it does not appear in this action what, if any, claim the city makes to the premises. But, were it otherwise, it could not change the

fact that the city, in its corporate capacity, is the defendant in each action, and that in the former action it was found, upon an issue of title properly and necessarily tendered, that the plaintiff was the owner of the land in fee, and that the city must forever keep off it. The former judgment is conclusive between the parties thereto and their privies as to the fact that the plaintiff was the owner in fee of the premises; for it fully meets all of the requirements of an estoppel by verdict, as laid down by the decisions of this court. Dixon v. Merritt, 21 Minn. 196; McClung v. Condit, 27 Minn. 45, 6 N. W. 399; Boom v. St. Paul F. & M. Co., 33 Minn. 253, 22 N. W. 538; Augir v. Ryan, 63 Minn. 373, 65 N. W. 640.

The defendant made no claim upon the trial that it had acquired any right to the premises since the commencement of the former action, and the trial court correctly directed a verdict for the plaintiffs.

Order affirmed.