WILLIAM H. WULKE v. LUCRETIA D. WULKE.[1]

June 17, 1921.

No. 22,316.

**Divorce — first action not res judicata in second action by other spouse.**

1. The wife brought an action for divorce on the ground of cruel and inhuman treatment. The divorce was denied. After the lapse of a year since the wife left, the husband brought this action for divorce on the ground of desertion. She denied the desertion, and counterclaimed for support, alleging that the husband's mistreatment had compelled her to leave him. It is *held*, following Stocking v. Stocking, 76 Minn. 292, that the first action is not res judicata of the issues raised by the answer in the second action.

**Findings sustained by evidence.**

2. There is evidence reasonably supporting the findings that there was no wilful desertion of defendant, and that plaintiff's mistreatment of defendant rendered it unsafe and improper to longer cohabit with him.

Action in the district court for Hennepin county for absolute divorce. The case was tried before Jelley, J., who made findings that plaintiff was not entitled to a divorce, but that he pay defendant $65 monthly for her maintenance and support. From an order denying his motion for amended findings and conclusions or for a new trial, plaintiff appealed. Affirmed.

*Arthur M. Higgins* and *Charles F. Keyes,* for appellant.

*George T. Simpson, John F. Dahl* and *Eugene S. Bibb,* for respondent.

Holt, J.

The parties married in September, 1917. He was 58 years old and she was 52. Each had grown children by a former marriage. Plaintiff's, son made his home with him, and two of defendant's daughters

[1]Reported in 183 N. W 349.

149 M.—19.

also came there to live.   After some months friction arose, but apparently nothing more serious happened than a removal of defendant's daughters from the home.   A few days thereafter, when plaintiff was on a business trip to South Dakota, the defendant left, taking her property along.   Shortly afterwards she brought an action for divorce on the ground of cruel and inhuman treatment.   The court found the allegations of the complaint "that after the date of said marriage defendant (this plaintiff) began and thereafter continued to treat plaintiff in a cruel and inhuman manner or that by reason of any acts of conduct of the defendant, plaintiff (this defendant) was compelled to leave the said defendant, are untrue."   Judgment of dismissal was entered upon the findings.   A little over a year after defendant had removed from plaintiff's home he brought this action for divorce, alleging desertion. She counterclaimed for maintenance, alleging misconduct on his part as ground for living separate.   The court found that defendant did not wilfully desert plaintiff and also found that on July 14, 1918, defendant left plaintiff's home as a result of his treatment, which treatment rendered it unsafe and improper for her longer to cohabit with him, and awarded her separate maintenance.   He appeals from the order denying the motion to amend the findings or grant a new trial.

Plaintiff plants his appeal on two propositions: (1) The judgment in the former action is res adjudicata in this; and (2) the decision is not justified by the findings.

1.   The complaint in the action brought by defendant for divorce on the ground of cruelty is not a part of the record, and it cannot be said that the acts and conduct with which this plaintiff was there charged are the same acts and conduct alleged against him in the answer herein.   Nor is there any testimony showing what evidence was adduced in the former suit.   But that aside, this court is committed to the doctrine that there may be such misconduct of one spouse as to justify the other in leaving, even though it may not constitute cruel and inhuman treatment entitling to an absolute divorce, and that the leaving under such circumstances is not wilful desertion.   Stocking v. Stocking, 76 Minn. 292, 79 N. W. 172, 668.   It is therefore clear that the judgment in the former action cannot be res adjudicata, either upon the issue of wilful desertion charged against defendant, or upon

the issue of misconduct of plaintiff justifying defendant in living apart from him. The proof need not be of the same quantity or quality to establish the issue of misconduct in this case as was required in the first in order to succeed; nor was the evidence or finding made in the former case upon the wife's justification for leaving the husband necessarily addressed to the same issue now made by her answer.

2. We are not greatly impressed with the evidence of the alleged misconduct on the part of plaintiff, but we are not triers of fact. Our sole function is to determine whether there is evidence reasonably supporting the facts found by the trial court on the issue of the husband's misconduct and its bearing on the wife's alleged desertion. In Stocking v. Stocking, supra, it was said with reference to this defense: "It is sufficient if the party withdrawing from the cohabitation has reasonable grounds for believing, and does honestly believe that, by reason of the actual misconduct of the other, it cannot be longer continued with health, safety or self-respect. Wilful desertion, in such a case, does not begin until after the offending party has in good faith exhausted all reasonable efforts to right the wrong, and to satisfy the injured spouse that there will be no recurrence of the causes which induced the separation, nor until after the lapse of a reasonable time for a consideration of the overtures for a reconciliation." There was testimony from the physician who treated defendant that cohabitation for at least some time was not advisable, and she might honestly have believed that because of her husband's misconduct as affecting her ailment she could no longer live with him safely and with self-respect. Nor does the record show any overtures by him toward reconciliation, or any endeavors to prove or promise such behavior in the future that she could return. We, therefore, cannot hold that there is no evidence reasonably sustaining the findings.

Order affirmed.

On October 14, 1921, the following opinion was filed:

HOLT, J.

In the petition for reargument the case of Wagner v. Wagner, 36 Minn. 239, 30 N. W. 766, was cited as decisive of the question that the cruelty alleged in the divorce action brought by this defendant, and

determined against her, is res adjudicata on the proposition that she had no just cause to live apart from him, because, if she had such cause, the court should have therein awarded separate maintenance under section 7140, G. S. 1913. The issue in the instant case was desertion. Unless the wife had wilfully deserted the husband he had no cause of action. The court found against him on that issue. Even though the finding in the former case was that her allegation, that she was compelled to leave defendant because of his cruelty and misconduct, was not true, she might nevertheless be justified in temporarily living apart. The question in the Wagner case was whether the wife, having been denied an absolute divorce on the ground of cruelty, could thereafter maintain an action for a limited divorce predicated upon the same acts of cruelty. It was rightly held she could not. There is no difference in the degree of cruelty which justifies a decree for an absolute and one for a limited divorce. But the cruelty, which justifies a spouse in living apart from the other, may not entitle to a divorce at all. In the instant case the wife was permitted to withdraw her counterclaim for a limited divorce. So that the only issue remaining was whether her living apart was a wilful desertion. If the finding that it was not, is sustained, and we think it is under the rule of Stocking v. Stocking, 76 Minn. 292, 79 N. W. 172, 668, the judgment must be affirmed, for no error is assigned as to the part granting separate maintenance. The former decision is adhered to.