FRED ALTON AND ANOTHER v. O. W. MERRITT
AND OTHERS.

FRANK A. SANDIN, INTERVENER.[1]

October 14, 1921.

No. 22,474.

**Action for broker's commission — error to direct verdict.**

> In an action to recover a real estate broker's commission the evi-
> dence is *held* to present issues of fact for the jury, and that the trial
> court erred in directing a verdict for defendants.

After the former appeal reported in 145 Minn. 426, 177 N. W. 770,
the case was tried before Dean, J., who when the parties rested denied
plaintiff's and intervener's motions for directed verdicts and granted de-
fendants' motion for a directed verdict. From an order denying his
motion for a new trial, plaintiff appealed. Reversed.

*Haycraft & McCune,* for appellant.

*Allen, Seifert & Allen,* for respondent.

BROWN, C. J.

This cause was here, on a former appeal where the facts are stated.
145 Minn. 426, 177 N. W. 770. On the remand of the case a trial was
had on which plaintiff tendered evidence which he claimed disclosed
that he had produced to defendants a purchaser ready, able and willing
to purchase the land in question on the terms named by defendants;
that they sold the land to him, though at a higher price than that for
which plaintiff was authorized to sell. The evidence presented in the
record tends to sustain plaintiff's claim, and, further, that a purchaser
for the land was procured by him within the time limit fixed by his
listing contract. The court at the conclusion of the trial, both parties
having rested on the evidence presented by plaintiff, directed a verdict

[1] Reported in 184 N. W. 610.

in favor of defendants. Plaintiff appealed from an order denying a new trial.

We have read the evidence with care and reach the conclusion that the issues presented by the pleadings should have been submitted to the jury, and that the court erred in directing a verdict. Whether plaintiff was the procuring cause of the sale was made by the evidence a question of fact. Esterly-Hoppin Co. v. Burns, 135 Minn. 1, 159 N. W. 1069; Henninger v. Burch, 90 Minn. 43, 95 N. W. 578; Hubachek v. Hazzard, 83 Minn. 437, 86 N. W. 426.

In view of a new trial we refrain from discussing the evidence; it is sufficient that we have read it and find therein sufficient to raise a question for the jury, and there we dismiss the subject. The inferences to be drawn from the present state of the evidence may be overcome when defendants are heard in full.

Order reversed.