**BOYDSTON v. BOYDSTON.　(No. 9693.)**

(Court of Civil Appeals of Texas. Dallas. Jan. 22, 1927.)

1. Divorce ⬳127(4)—Making of false charge that wife is unchaste held supported, when corroborated by husband's admissions of regret for making it.

In divorce case, making of false charge of unchastity against wife *held* supported, where husband subsequently admitted he was sorry for having made untrue charge.

2. Divorce ⬳27(8)—Private aspersion of virtuous wife by husband, charging unchastity, constitutes "cruelty," entitling her to divorce (Rev. St. 1925, art. 4629).

False accusation of unchastity, made by husband against wife in her presence alone, is such cruel treatment as entitles her to divorce, under Rev. St. 1925, art. 4629, providing for divorce on grounds of "excesses, cruel treatment, or outrages."

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Cruelty.]

---

⬳For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Appeal from District Court, Hunt County; Newman Phillips, Judge.

Suit for divorce by Ethel Boydston against R. F. Boydston. From a judgment for plaintiff, defendant appeals. Affirmed.

Clark & Clark, of Greenville, for appellant.

Thompson & McWhirter, of Greenville, for appellee.

LOONEY, J. Appellee sued appellant for divorce on the ground of cruel treatment and sought the custody of their only child, a little girl.

It will not be necessary for us to notice any specification of cruelty alleged other than that appellant falsely accused appellee of unchastity.

The jury, in response to special issues, found that appellant had, prior to the separation, accused appellee with having illicit relations with other men, and, further, to attain the best interests of the child, its care and custody should be given to the mother.

[1] Appellant waived all questions save those relating to the sufficiency of the facts to support the judgment.

By rendering judgment for appellee, the court affirmed the material allegations of plaintiff's petition and held that the evidence was full and satisfactory. We are not prepared to hold to the contrary.

Plaintiff testified that, prior to the separation, appellant accused her of unchastity. There was nothing in her conduct so far as disclosed by the record that justified this charge.

Appellant denied that he had ever impeached the virtue of his wife, but on this point she is corroborated in a way by the testimony of her father and mother, who said that after the separation appellant admitted to them that he had made untrue accusations against his wife and was sorry for having done so. That he was then referring to the accusation of unchastity is clearly implied; in fact, it is the only reasonable deduction to be drawn from the context.

These witnesses testified in person; the court as well as the jury passed upon their credibility and the weight to be given to their testimony; and we do not feel justified in disturbing their findings.

[2] The law applicable here was announced by the Supreme Court in Jones v. Jones, 60 Tex. 451, 460. The court was there discussing a case based on an accusation of unchastity by a husband against his wife. Chief Justice Willie, for the court, said:

"Such outrages are good grounds for divorce in our state. Our statute differs from those of a majority of the states in respect to the cruel treatment which will authorize a divorce. It does not confine such treatment to bodily harm, or threats of the same, and properly includes within the meaning of 'excesses, cruel treatment, and outrages,' insults or injuries to the mind or the heart. In some of the states it is not ordinarily deemed sufficient cause for divorce that the husband should have accused his wife of unchastity, but as an act of gross cruelty almost enough of itself for that purpose. 1 Bishop on Mar. and Div. § 726. Our courts, under the peculiar wording of our statute, hold it not *almost* but *altogether* a sufficient act of cruelty to justify dissolving the bonds of matrimony. Pinkard v. Pinkard, 14 Tex. 356 [65 Am. Dec. 129]; Schreck v. Schreck, 32 Tex. 579 [5 Am. Rep. 251]; Sheffield v. Sheffield, 3 Tex. 79."

Appellant insists, however, that the accusation of unchastity, even if made by appellant as testified to by appellee, did not constitute cruel treatment within the meaning of the statute, and was not a ground for divorce, for the reason that the charge was made to her alone and not to or in the presence of any other person.

We cannot accept this view. The statute (article 4629, Rev. St. 1925), authorizing the granting of a divorce on the ground of excesses, cruel treatment, or outrages of one spouse towards another of such a nature as to render their living together insupportable, contains no such limitation and cannot, in our opinion, be given such a meaning.

Ill treatment of the wife by the husband of a nature that renders their living together insupportable necessarily has the same effect and meaning wherever committed. Suffering from either bodily punishment or anguish of mind is just as poignant to the victim whether inflicted privately or publicly. A husband could not select a more cruel means of torture than to make a false charge of infidelity against a virtuous wife, and this without regard to the circumstances and the presence in which the charge is made. If the outrage should be made a public affair, he but aggravates the cruelty by exposing her to comtempt and insult from others.

In none of the Texas cases cited do we find the doctrine contended for by appellant announced as a rule of decision.

The case of Harkins v. Harkins (Iowa) 99 N. W. 154, apparently sustains appellant's views, but a close examination shows that the decision was based on a statute peculiar to that state. Finding no error, the judgment below is affirmed.

Affirmed.