# HELEN M. HOFFMANN v. WILBUR H. HOFFMANN.[1]

March 23, 1928.

No. 26,558.

**Court may require father to pay his wife, living apart from him, for support of his minor child.**

1. Since the father is bound to support his minor child the court may require him to pay such support to the wife even though she has no legal cause to live apart from him, provided it is for the best interests of the child to be under the care of the mother.

**When denial of absolute divorce for cruelty does not bar wife's action for separate maintenance and support for children.**

2. A judgment denying the wife an absolute divorce for cruelty is not a bar to her action for separate maintenance and support for children where she has legal cause for living apart from the husband.

**Refusal of divorce operates as estoppel against maintenance action based on same acts of cruelty.**

3. In so far as both the divorce action and the subsequent maintenance action are grounded upon the same specific acts of cruelty, there is an estoppel by verdict or finding to which due effect should be given in the maintenance action, for it appears that the acts of cruelty alleged in the divorce action were litigated and found untrue.

**Evidence insufficient to support finding.**

4. Applying the rule stated, the finding is not sustained that plaintiff could not longer live with defendant and maintain her self-respect or that she is justified in living apart from him.

**When court may not terminate husband's interest in wife's real property because of his misconduct.**

5. Where the evidence of misconduct of the husband does not justify either an absolute or a limited divorce, the court is not authorized to terminate the husband's inchoate interest in the wife's real estate, even though the misconduct may legally justify her in living apart from him.

[1]Reported in 218 N. W. 559.

Divorce, 19 C. J. p. 177 n. 87, 88.
Husband and Wife, 30 C. J. p. 1072 n. 9; p. 1088 n. 63; p. 1093 n. 92.
Parent and Child, 29 Cyc. p. 1607 n. 96.

---

See note in 2 L.R.A.(N.S.) 851; 38 L.R.A.(N.S.) 509; 15 A. L. R. 569;
9 R. C. L. 480; 2 R. C. L. Supp. 812; 4 R. C. L. 610; 6 R. C. L. Supp.
557.

Defendant appealed from an order of the district court for Ramsey county, Orr, J. denying his motion for a new trial. Reversed.

*Parks & Parks,* for appellant.

*Drill & Drill,* for respondent.

HOLT, J.

Defendant appeals from an order denying a new trial. The parties are husband and wife. They were married in 1911. There are three children, two being girls, now 14 and 12 years old, and one boy about two years. The parties appear to have lived together without any serious difficulties until about 1920, when the wife inherited a considerable sum of money from her grandparents. She then abandoned the home and went to the west coast, taking the girls with her. The husband followed and brought them back, a reconciliation having taken place. Soon thereafter, from the sale of the old home, five acres in the outskirts of St. Paul were acquired upon which a new home was erected. The title to the old home had been placed in the wife and so was the new homestead. Defendant claims he has contributed for the new home over $7,000 in money and materials besides his own labor. In 1925 plaintiff commenced an action for absolute divorce on the ground of cruelty, specifying the time and place and character of the acts she deemed cruel. He denied that he had been guilty of any of the various acts. A trial was had. The court found: "That the allegations of the complaint that the defendant has cruelly and inhumanly treated the plaintiff at the times and places and as set forth in said complaint are not sustained by the evidence, and the court finds specifically that the defendant was not guilty of the cruel and inhuman treatment towards the plaintiff as alleged in the complaint," and on April 27,

1926, entered a decree dismissing the cause of action on the merits and with prejudice to the plaintiff. Soon thereafter she began an action in ejectment against defendant, but the court on his motion ordered judgment of dismissal on the pleadings. Thereupon the instant action was brought to exclude defendant from all rights in the home mentioned, and a so-called second cause of action was stated for support for herself and children.

Plaintiff at the trial withdrew the claim of maintenance for herself and was not awarded any. But the court directed defendant to pay to plaintiff $60 per month for the support of the children. We do not understand that the amount is attacked as excessive. The girls are of an age when their wishes are to be somewhat consulted in determining with whom to live, the parents living apart. There was no custody of children asked for by either party or given by the decree. Had there been the court would undoubtedly have awarded the custody to the mother, there being nothing to show that she was not a proper mother. By preference the home of the mother should be the home of young girls, and so also of the two-year old boy. The court cannot compel the parents to live together, but it can compel the father to support his minor children if able. Spencer v. Spencer, 97 Minn. 56, 105 N. W. 483, 2 L.R.A.(N.S.) 851, 114 A. S. R. 695, 7 Ann. Cas. 901; Jacobs v. Jacobs, 136 Minn. 190, 161 N. W. 525, L. R. A. 1917D, 971; Jackson v. Jackson, 168 Minn. 196, 209 N. W. 901. There is no claim that he is unable to contribute $60 per month for the support of the children and also support himself from his earnings. In so far as support for the children was awarded, there is no ground for questioning the conclusion of the court below.

Legal justification for one spouse's living apart from the other is such cruel and inhuman treatment as would constitute a cause for an absolute or limited divorce. However this court has also held that misconduct of the one toward the other, though not sufficient in degree to warrant granting divorce, may nevertheless be such as to justify temporarily living apart, so that the living apart would not be legal desertion furnishing a cause for divorce. Stocking v. Stocking, 76 Minn. 292, 79 N. W. 172, 668; Wulke v. Wulke, 149.

Minn. 289, 183 N. W. 349, 184 N. W. 610. Therefore the decree in the plaintiff's divorce action was not res adjudicata of this action for separate maintenance. But by the reply herein plaintiff admits that the amended complaint in her divorce action set up the same acts constituting the cruelty as the ones she now alleges as justification for living apart from defendant and as cause for excluding him from all interest in the homestead. Defendant contends that Wagner v. Wagner, 36 Minn. 239, 30 N. W. 766, has decided that the former decree herein is res adjudicata and a bar to the consideration of any acts of cruelty prior to the commencement of that action. But it is to be noted that the statutory ground for divorce from bed and board is the same as for absolute divorce; hence a decree that the wife had no cause for absolute divorce was properly held res adjudicata in the action brought by her for a limited divorce.

Harding v. Harding, 198 U. S. 317, 25 S. Ct. 679, 49 L. ed. 1066; Matlock v. Matlock, 86 Or. 78, 167 P. 311, and Kalisch v. Kalisch, 9 Wis. 482, upon the issues litigated in a prior action, held the decree res adjudicata upon the same issues tendered in a subsequent action. The reason appears logical that where it has been adjudicated that a wife is legally justified in living separate from her husband and hence entitled to maintenance, the decree is a bar to his subsequent divorce suit for wilful desertion, for by the former it was determined that there was legal cause for her living separate. So also, where in a suit for separate maintenance the court finds that both parties are equally to blame for their living apart, the decree denying relief is res adjudicata, so that, when the husband after the entry of the decree offered the wife a comfortable home and she declined, he could sue for and obtain a divorce on the ground of wilful desertion, the former decree being res adjudicata of the question that she was not justified in living apart from the husband.

When properly considered as to issues raised and litigated, cases like Stocking v. Stocking, 76 Minn. 292, 79 N. W. 172, 668; Wulke v. Wulke, 149 Minn. 298, 183 N. W. 349, 184 N. W. 610; Waller v. Waller, 160 Minn. 431, 200 N. W. 480 (through inadvertence the part of the opinion treating the third division of the syllabus dropped out); Wahle v. Wahle, 71 Ill. 510; Umlauf v. Umlauf, 117

Ill. 580, 6 N. E. 455, 57 Am. R. 880; Watts v. Watts, 160 Mass. 464, 36 N. E. 479, 23 L. R. A. 187, 39 A. S. R. 509, are not out of line with those cases above cited where a former decree in a divorce action or for separate maintenance has been held res adjudicata in a subsequent suit between the same parties tendering the same issues upon which the asked for relief or defense is to depend. Hence it cannot be held that the judgment in the former case is res adjudicata or a bar to plaintiff's cause of action for separate maintenance on the ground that she was legally justified in living apart because of his misconduct. Consequently there was no error in receiving in evidence conduct of defendant prior to the divorce decree.

But estoppel by verdict is applicable to actions of divorce and actions for separate maintenance. This doctrine should be kept in mind when considering the proof herein. The former action of plaintiff for absolute divorce was on the ground of specified acts of cruelty. As to the acts so alleged the court found not only that they were not proved, but "specifically that the defendant was not guilty of the cruel and inhuman treatment towards the plaintiff as alleged in the complaint." It is difficult to escape the conclusion that the court found the specific acts alleged were not committed, for if they had been there was cruel and inhuman treatment as a matter of law. It seems to us that the learned trial court did not give sufficient effect to the findings in the former case as determinative of the nonexistence of the specific acts there alleged as cruel and inhuman treatment, and again alleged and relied on in this case.

Again, the court in the instant case does not find that either plaintiff's health or safety makes it necessary that she live separate from defendant. The finding is too vague as to what the misconduct of defendant was which justified her in refusing longer to live with him. Nor is anything definite contained in this part of the finding which purports to set out the only justification for the conclusion of law, viz:

"The court finds that the plaintiff cannot longer live with the defendant and maintain her self-respect and the court further finds

that the plaintiff is justified in living separate and apart from her husband, the defendant, under the circumstances set forth."

There are no circumstances set forth in the findings. We must then examine the evidence, applying the rule of estoppel by verdict—or, which is the same, by the findings in the former case (Wagener v. City of St. Paul, 82 Minn. 148, 84 N. W. 734). So doing, there are eliminated the charges of unfaithfulness and petty dishonesty with which he was charged, for this record clearly discloses that those allegations of the complaint in the divorce action were fully litigated therein with findings adverse to plaintiff. Plaintiff admits defendant never physically assaulted her or threatened so to do; that whenever she saw fit to occupy a bedroom apart from him in the home, her wishes were always respected; that he had never administered corporal punishment to a child; and that he had desisted from many of the things obnoxious to her since the reconciliation mentioned. This record also shows that she testified as follows in the divorce suit:

Q. "This difficulty that you experienced with reference to his improper eating, did that seem to be in his breeding—did that seem to be characteristic of him?"

A. "Yes, it was just—he didn't realize he was doing it, I guess."

Q. "Now, has he been running around nude for the last five or six years?"

A. "No, sir."

Q. "He has been careless about himself?"

A. "No, he hasn't."

Q. "He has been telling you stories?"

A. "Not the last five years, no."

Q. "He hasn't been telling you dirty stories in the last five or six years?"

A. "No, sir."

Q. "He has made vulgar remarks during the last five or six years?"

A. "No, sir."

The vulgarity and obscenity charge should certainly upon the above admissions and his denials be rejected as a cause for her living

apart from him. So also should his table manners, which the evidence tends to show are limited to carelessness in serving so that the table cloth becomes quickly soiled, that he has been seen to put his knife in the jelly glass and once, when in a hurry to accommodate his neighbor and plaintiff by giving them a ride down town, he was seen thinning his cereal with milk or cream and drinking it. In view of plaintiff's experience with her mother's gift when first married, it is difficult to understand why her sensibilities should be shocked by the incident regarding like remedies later shown her by the husband. The inducements held out by defendant for resumption of marriage relations subsequent to the decision in the divorce suit need not be judged too harshly. Giving utterance to them in public does not indicate an over-delicacy of feeling on her part.

While it is true that the misconduct of a husband which justifies his wife in living apart from him may not warrant either an absolute or limited divorce, still the misconduct of the husband must be of a serious character to warrant granting the wife separate maintenance. Stocking v. Stocking, 76 Minn. 292, 79 N. W. 172, 668; Baier v. Baier, 91 Minn. 165, 167, 97 N. W. 671; 30 C. J. p. 1072, § 862. As said in the Baier case: "A wife is only justified in leaving her husband when she can no longer remain in his home consistent with her health or her personal safety or her self respect." The finding made touches only the item of her self-respect, and as to that we think it not sufficiently supported when full effect is given to the matters of misconduct determined against her by the findings in the divorce suit.

Neither Grace v. Grace, 96 Minn. 294, 104 N. W. 969, 4 L.R.A.(N.S.) 786, 113 A. S. R. 625, 6 Ann. Cas. 952, nor Stephen v. Stephen, 102 Minn. 301, 113 N. W. 913, justifies debarring defendant from his interest as husband in plaintiff's real estate. The statute authorizes the court to terminate such interest only where the wife has grounds for either absolute or limited divorce. G. S. 1923, § 8613. Nor could defendant's rights be terminated under § 8622. It is not clear that the decree, directed in the instant case, is intended to reach defendant's inchoate interest in plaintiff's real estate. There should be no uncertainty in this respect. Unless

plaintiff is entitled to relief under § 8613, the court should attempt no adjudication of property rights in this action.

We are impressed with the thought that the learned trial court was right when he wrote his first "decision" directing findings to be drawn in favor of defendant, except as to support for the children, and erred when he changed his views.

The order denying a new trial is reversed.