STATE ex rel. JOHN G. McDONOUGH v. BARTHOLOMEW O'MALLEY
and Another.

November 27, 1899.

Nos. 11,811—(107).

### Custody of Children—Father or Mother.

Appeal by relator from an order of the district court for Ramsey county vacating a writ of habeas corpus and ordering that respondent Nora B. McDonough have until further order of the court care, custody, and control of her minor children. Affirmed.

*John W. Willis*, for appellant.

*Dickson & Donnelly*, for respondents.

PER CURIAM.

The relator, John G. McDonough, and the respondent Nora B. McDonough are husband and wife, living separate and apart. This controversy relates to the custody of their infant children, John George McDonough, who is two years and eleven months old, and Robert Allen McDonough, of the age of one year and four months.

They are now in the custody of their mother, who is living with her father, the respondent Bartholomew O'Malley. Upon the relation of their father, a writ of habeas corpus was issued by the district court of the county of Ramsey, and the children brought before the court; and such proceedings were had therein on the return of the writ that the court made its order awarding the care, custody, and control of the children to their mother until the further order of the court. The relator appealed from the order to this court, and by stipulation of the parties in open court the cause was submitted to this court upon the evidence and proceedings had in the district court.

Having duly considered the evidence, we are of the opinion that neither of the parties is wholly free from blame for the unfortunate estrangement which has resulted in their temporary (it is to be hoped) separation. There seems to be no reason why the parties may not become reconciled, if the relator will provide an independent home for himself, wife, and children. However that may be, we find that the interests of the children, in view of their tender years, will be best served by leaving them for the present in the care and control of their mother. It is therefore ordered that Nora B. McDonough have and retain the care, custody, and control of her minor children, John George McDonough and Robert Allen McDonough, and of each of them, until the further order of the district court of the county of Ramsey. Ordered, further, that their father, John G. McDonough, be permitted to freely see and visit with his children at reasonable times twice each week, not exceeding one hour at each visit; but he is forbidden to remove them, or either of them, from the custody and control of their mother, or to interfere therewith. Let judgment be so entered.

COLLINS, J. (dissenting).

I dissent. After several quarrels, and one separation, the wife left her husband and the children on February 15, 1899, and went to her father's house, in the same city. She took all of her clothing, and some of that belonging to the children; taking off from one of them its heavy underwear, and replacing it with lighter garments. She remained at her father's one month, but made no attempt to

see the children. She then went to a distant part of the state, and remained until May 4. That afternoon, immediately upon her return, she went to the house where she had left the children, taking with her a brother and sister. A sister of her husband, seeing the party approaching the kitchen door, locked it, whereupon the wife raised a window, climbed in and over a table covered with dishes, and took the children out of the house, and to her father's. I object to such conduct on the part of any parent, and protest against its indorsement, as has been done in this case by the order of this court. The mother left the children with the father, and was away three months. Four weeks of this time she was in the same city, but made no effort to see them, or even to learn of their welfare. To all appearances, she had abandoned them quite as completely as she had their father. She committed a trespass in order to obtain possession of them, and a very serious breach of the peace would have been the result, had not her husband's mother and sister manifested great discretion and forbearance. In my judgment, the circumstances are such that the children should, in these proceedings, be remanded to the care and custody of their father, as an indication of the disapproval by this court of her conduct when taking the law into her own hands, and by force removing them from the care of those with whom she had herself left them,—with permission, of course, for the mother to proceed, in an orderly way, to obtain the care and custody of them. The community in which these people reside is entitled to have the law obeyed, and a father has some rights with respect to his children, which the courts should not entirely wipe out of existence.