## MOLLIE GILMAN v. ISRAEL C. GILMAN.[1]

### November 10, 1921.

### No. 22,409.

**Limited divorce — finding sustained by evidence.**
   1. The evidence sustains the finding of the court that no ground exists for absolute divorce.

**Separation should not be limited in time.**
   2. The decision of the court that there is ground for separation is sustained, but it is *held* that the separation should be without limit as to time.

**Allowances revised.**
   3. Certain allowances for maintenance and attorney's fees readjusted and allowance made for attorney's fees and expenses on appeal.

Action in the district court for Blue Earth county for absolute divorce. The case was tried before Comstock, J., who made findings as mentioned in the first paragraph of the opinion. Plaintiff's motion for amended findings and conclusions. Plaintiff's motion to amend the decree and

[1] Reported in 185 N. W. 469.

judgment was denied. From the judgment entered pursuant to the order for judgment, plaintiff appealed. Modified.

*S. B. Wilson,* for appellant.

*Ivan Bowen,* for respondent.

HALLAM, J.

This is an action for divorce on the ground of cruel and inhuman treatment. Plaintiff is now 60 years old and defendant is 64. They were married 35 years ago and have three living sons, all grown men. The court found that plaintiff is not entitled to an absolute divorce, but gave judgment of separation from bed and board for the period of one year or until further order of the court. The judgment gave plaintiff $50 per month for support and maintenance. The court, on a preliminary motion, allowed $50 attorney's fees and $50 suit money and in the judgment declined to allow any further sum for attorney's fees. Plaintiff appeals.

1. Plaintiff contends that she is entitled to judgment for an absolute divorce and that the finding of the court to the contrary is not sustained by the evidence. The court found as a fact, in substance, that defendant was not guilty of such acts of personal violence as would constitute cruel and inhuman treatment within the meaning of the law, and also that defendant was not guilty of a systematic and long-continued course of ill-treatment, scolding, fault finding, unkind language and other acts of a malicious nature sufficient to justify the breaking of the bonds of matrimony. These findings of fact, plaintiff contends, are not sustained by the evidence. The record is voluminous and the testimony is in conflict. Plaintiff, her sister, and two sons of the parties, testified to acts of cruel and inhuman treatment, amply sufficient to justify a judgment of absolute divorce. This testimony is denied by the defendant, and there is some little corroboration to his testimony. It is fair to say that the testimony shows some measure of blame on each side. The testimony is of such character that we are of the opinion that the findings of the trial court above referred to should not be disturbed.

2. As above stated the court adjudged a separation from bed and

board for the period of one year. A separation of any sort, in view of the finding of the court above referred to may seem illogical, but on examination of the whole of the findings we think it may be sustained. In fact this portion of the judgment is not attacked by the defendant. We are of the opinion, however, after examination of the whole record, that any separation adjudged should be a separation from bed and board, without fixed limitation as to time. It seems to us highly important that these parties should be relieved from the strain and expense of litigation, and we are impressed with the belief that reconciliation is quite as probable under a decree of unlimited, as under a decree of temporary, separation.

3. Defendant is a man of large property, but is somewhat involved in debt. We are of the opinion that the allowance made for maintenance was inadequate under the circumstances of the parties, and that the allowance should be increased to $100 per month from the date of the first payment after filing this decision, with the right of either party to apply for a modification as to amount at any time after the expiration of one year from such date, if the parties shall at that time be living apart.

Plaintiff takes exception to the failure of the court below to give judgment for attorney's fees, and also makes application for the allowance of attorney's fees and expense money in connection with the appeal.

We are of the opinion that plaintiff should have been allowed $300 for attorney's fees by the trial court, from which should be deducted the $50 already paid.

An allowance is made of $200 for attorney's fees in connection with the appeal and $400.40 for necessary expense shown in connection with the appeal.

The judgment of the trial court will be modified in accordance with this opinion, and judgment will be entered in this court for the allowance here made. No other costs will be allowed.

Judgment modified.