## ANTOINETTE BARICH v. JOHN BARICH.[1]

October 15, 1937.

No. 31,228.

*Frank J. Collins,* for appellant.

*Kyle & Kyle,* for respondent.

STONE, JUSTICE.

In this action for separate maintenance, plaintiff, the wife, prevailed. Defendant appeals from the judgment.

The main argument for defendant, that the judgment is not sustained by the evidence, is so much without merit that we decline to go into the facts other than to say this. The claim is supported only by a selection of fragments of evidence taken mainly from defendant's own testimony. It ignores not only most of the evidence for plaintiff but also some damaging admissions by defendant. It is the whole record that is determinative here and not isolated parts which may be selected by an appellant as helpful of his own case. This is but another case where, viewed as favorably as may be for defendant, the record is such as to support a decision either way. Hackett v. Palon, 169 Minn. 218, 210 N. W. 996; Young v. Thorpe Bros. 193 Minn. 576, 259 N. W. 404.

[1]Reported in 275 N. W. 421.

By L. 1933, c. 165, 3 Mason Minn. St. 1936 Supp. §§ 8608-8615, our former statute (2 Mason Minn. St. 1927, §§ 8608-8615) authorizing an action by a wife for a limited divorce, was repealed. It is claimed for defendant that such repeal did away also with the action in equity for separate maintenance. (See Baier v. Baier, 91 Minn. 165, 97 N. W. 671; Robertson v. Robertson, 138 Minn. 290, 164 N. W. 980.) Here also the case for appellant lacks merit. The abolition by a repealing statute of an existing statutory remedy, without more, can have no effect upon a well established and long-existing common-law or equitable remedy. That aside, there has been no repeal of 3 Mason Minn. St. 1936 Supp. § 8588, which provides for "an action for divorce or separate maintenance" by a wife under the circumstances and in the manner which that statute states.

The judgment must be affirmed, and plaintiff, respondent here, will be allowed $100 for attorney's fees in this court.

So ordered.

PETERSON, JUSTICE (concurring).

I concur in the result.