# MICHAEL ALBERT LEWIS v. GERTRUDE LEWIS.[1]

December 22, 1939.

No. 32,146.

Claire I. Weikert, for appellant.

Turner & Crane, for respondent.

[1]Reported in 289 N. W. 60.

502

GALLAGHER, CHIEF JUSTICE.

Defendant appeals from an order denying her motion for a new trial and also from an order denying her application for additional attorney's fees in a divorce action.

Plaintiff and defendant were married in St. Paul on October 27, 1923. They are the parents of three children. Not long after their marriage they purchased a home in St. Paul where they resided together until the commencement of the difficulties involved herein and where defendant resides at the present time. Plaintiff left the home on October 20, 1936, and has never since lived there.

On May 18, 1936, plaintiff instituted an action for divorce against defendant in Ramsey county, charging cruel and inhuman treatment. Defendant filed a cross-complaint, and the action was tried on October 26 of that year. On November 24, 1936, the court dismissed both complaints. A second action on the same ground was instituted by plaintiff in Dakota county on February 25, 1937. It was dismissed on September 14 following, the dismissal being based upon the ground that the cause of action was the same as that involved in the previous proceedings and therefore *res judicata*. The present action was instituted by plaintiff on March 2, 1938; the complaint charged defendant with cruel and inhuman treatment and· wilful desertion for more than a year prior to the commencement of the action. Defendant answered denying the allegations of the complaint and interposed a cross-complaint alleging cruel and inhuman treatment on plaintiff's part and praying for separate maintenance. The trial court found in plaintiff's favor on the issue of desertion and ordered a decree of divorce. Provision was also made for the payment of permanent alimony to defendant, and plaintiff was directed to pay defendant's attorneys $60 as attorneys' fees and the costs of the action.

The important question raised by the appellant is whether the evidence sustains the finding and conclusion that defendant wilfully deserted plaintiff within the meaning of 3 Mason Minn. St. 1938 Supp. § 8585(5), which provides that a divorce from the bonds of matrimony may be adjudged by the district court for

"wilful desertion for one year next preceding the commencement of the action."

■ Wilful desertion, as that term is applied in actions for divorce, is the voluntary separation of one of the married parties from the other or the voluntary refusal to renew a suspended cohabitation without justification either in the consent or wrongful conduct of the other. Sisemore v. Sisemore, 17 Or. 542, 21 P. 820; 1 Bouvier, Law Dictionary (Rawle's 3 Rev.) p. 853. Since defendant has remained in the marital domicile at all times here involved, the claim of desertion made by plaintiff, who left the home, must be based on the theory that his wife voluntarily refused without justification to renew a suspended cohabitation.

■ It appears from an examination of the testimony most favorable to plaintiff on the issue determinative of this appeal that on October 29, 1936, a few days after the trial of the first divorce action and while the parties were living apart, plaintiff went to the home occupied by defendant, where the following conversation occurred:

Q. "What was said and done at that time?

A. "I went over there and wanted to talk with her, and she would not listen.

Q. "What did you say to her?

A. "I asked to talk things over and come together.

Q. "What did she say?

A. "She said: 'I don't want to live with you, I don't want anything to do with you.'

Q. "What did she do?

A. "I gave her the money; she gave me a receipt, and went in. I asked her to see the children. On the way in she mumbled to herself and slammed the door in my face. I stood there for a second or two and walked away.

Q. "After you had gone you continued to pay the money that you were supposed to make to her under the order of the court?

A. "Yes."

On cross-examination plaintiff further testified:

Q. "Now, during the time this action was pending here in Dakota county, between February and September of 1937, you did not ask your wife to go back and live with you?

A. "Once.

Q. "When?

A. "October 29, 1936.

\* \* \* \* \*

Q. "So you have not asked her to go back and live with you since October, 1936?

A. "No."

That the trial court found wilful desertion on the testimony referred to and some corroboration, reference to which will be made, is quite clear from the fact that such testimony was embodied in the order denying defendant's motion for a new trial. Part of the corroborating testimony is that of plaintiff's mother, who testified in effect that sometime in October, 1936, she went with her son to see defendant and asked her to "go back to her son and forget everything," and that defendant refused to do so. It is not clear from the record as to whether the conversation with the mother took place on October 29, 1936, in the presence of the son or on another occasion. Her testimony would indicate that it took place on that date although the son made no reference in his testimony to his mother's presence on the occasion of his talk with defendant. The point important so far as a determination of this case is concerned is that this offer by plaintiff to return and live with defendant was made by plaintiff during the pendency of the first divorce action and at a time when defendant could not be required to cohabit with plaintiff. This court held in Hurning v. Hurning, 80 Minn. 373, 83 N. W. 342, that parties to a divorce proceeding should live separately pending the litigation and that separation under such circumstances cannot be wrongful so as to base a charge of desertion upon it. It would be contrary to public policy for a husband and wife to cohabit during the pendency of a divorce action. The record discloses that the order dismissing the

action pending at the time of the talk referred to was not filed until November, 1936. Consequently, the finding of wilful desertion was not properly premised on this refusal by defendant to live with plaintiff.

Plaintiff admitted that he made no further effort to reconcile his wife. He testified, however, that in November, 1937, during the course of a controversy, she said, "I do not want to live with you or have anything to do with you." This testimony was corroborated by a neighbor of the parties who overheard the remark. We think it clear that a claim of desertion could not be based on such a statement. In Barrett v. Barrett, 20 S. D. 210, 105 N. W. 463, it was held that a husband who left his home when told by his wife that she would not live with a saloonkeeper any longer, the wife and children remaining, and who neither offered to return to the wife nor invited her to join him at any other place, could not charge his spouse with wilful desertion. In any event, the statement made in November, 1937, by the wife was made less than a year preceding the commencement of the present action.

■ At the trial plaintiff testified that he was not willing to live with his wife—this notwithstanding her testimony to the effect that she would accept him again as her husband. This phase of the testimony, viewed in the light most favorable to plaintiff, would lead to the inference that the separation was by mutual consent. Separation by mutual consent is not grounds for divorce. Grant v. Grant, 64 Minn. 234, 66 N. W. 983.

■ Whatever the cause, it was plaintiff and not defendant who left the home and remained away therefrom. His efforts toward reconciliation were feeble at best, and there is a serious question as to whether his offer to return home, even if made at a time when it could have been properly accepted, would be such as to make a refusal thereof by his wife grounds for divorce because of desertion. It is abundantly established that a husband who, not being blameless for the act, makes no effort to prevent his desertion by his wife, and appears to acquiesce in and be satisfied with its continuance, cannot appeal successfully to the courts

for a divorce on the ground of desertion. Herold v. Herold, 47 N. J. Eq. 210, 20 A. 375, 9 L. R. A. 696; see 17 Am. Jur., Divorce and Separation, §§ 112 and 117. The refusal of a party to a marriage contract to restore a repentant spouse who had previously left the home constitutes desertion if, but only if, the latter attempts in good faith to effect a reconciliation. Vanderburgh v. Vanderburgh, 152 Minn. 189, 188 N. W. 276; Peretti v. Peretti, 165 Cal. 717, 134 P. 322; De Vry v. De Vry, 46 Okl. 254, 148 P. 840; see 17 Am. Jur., Divorce and Separation, § 112.

Under all the circumstances, we hold that there was no direct offer on plaintiff's part to return and live with defendant at any time after such an offer could have been accepted by defendant and that the facts presented do not constitute wilful desertion within the meaning of the divorce statute of this state.

On the question of attorney's fees, it is ordered that plaintiff pay to defendant's attorneys $40 in addition to the $60 ordered by the trial court.

Reversed.