## JOHN H. BLISS v. ELIZABETH E. BLISS.[1]

June 21, 1940.

No. 32,359.

*Franklin Petri* and *Herbert T. Park,* for appellant.
*Child & Child,* for respondent.

PETERSON, JUSTICE.

Plaintiff sues for a divorce upon the grounds of desertion alleged to have been committed on June 1, 1936. The action was commenced on or about April 11, 1938. The answer denied the desertion and alleged that defendant was living apart from plaintiff in virtue of an order and the judgment in a former action brought by her against the plaintiff here for a divorce. In that action he filed a cross bill. The court found in that action that neither party was entitled to a divorce and made an order on December 4, 1935, which was amended on May 18, 1936, "that the parties are entitled to live separate and apart from each other, and that plaintiff [the defendant here] is entitled to a monthly contribution from defendant in the sum of $50 for her separate maintenance, commencing with the month of Decem-

[1]Reported in 293 N. W. 94.

ber, 1935." The provisions of the order were incorporated in the judgment, which was not entered until May 14, 1938, over a month after this action was commenced. There was evidence that defendant was living apart with plaintiff's consent and acquiescence. He testified that he did not want to and would not live with her, but this he attempted to justify on the ground of extreme cruelty of defendant toward him and fear for his safety. There was evidence that she pursued a course of unjustifiable vilification of plaintiff toward their family, friends, and others.

A divorce was denied upon the ground that the separation did not constitute a desertion, since it was under the court order and judgment. The court did not pass on the question whether defendant's conduct constituted cruel and inhuman treatment of plaintiff for the reason that the action was brought exclusively on the grounds of desertion. Cruelty as a ground for divorce was not in the case.

On the appeal it is contended that the order and judgment are void as granting a limited divorce without jurisdiction, since limited divorces have been abolished by statute, and that the evidence required a finding of desertion.

■ The equitable power of the court to grant separate maintenance was not abolished by L. 1933, c. 165, repealing 2 Mason Minn. St. 1927, §§ 8608-8615, which authorized the granting of limited divorces. Barich v. Barich, 201 Minn. 34, 275 N. W. 421.

■ The statute authorizes a divorce for willful desertion for one year next preceding the commencement of the action. 2 Mason Minn. St. 1927, § 8585 (5). This means that the separation must be without sufficient cause or excuse.

Where a wife is living apart from her husband under an order or judgment of the court, the separation is neither wrongful nor unlawful for the reason that such order or judgment determines that there is legal cause for the separation and thus gives it legal sanction. Such a separation is for legal cause and with legal excuse. Lewis v. Lewis, 206 Minn. 501, 289 N. W. 60; Hoffmann v. Hoffmann, 174 Minn. 159, 218 N. W. 559.

In 1933 our divorce statute was amended by L. 1933, c. 262, § 2, 3 Mason Minn. St. 1940 Supp. § 8585(8), so as to authorize a divorce upon the ground of "continuous separation under a decree of limited divorce 'for more than 5 years next preceding the commencement of the action." In Gerdts v. Gerdts, 196 Minn. 599, 265 N. W. 811, we held that the statute created a new ground for divorce, but that it did not change the rule that a separation which is sanctioned and authorized by judgment is neither wrongful nor unlawful and cannot be made a ground of divorce against the party rightfully acting under it, except where the separation has continued for the statutory period of five years, in which event it is the duration of the separation which makes it a ground for divorce. Furthermore, defendant is living apart from plaintiff under a decree for separate maintenance (see Barich v. Barich, 201 Minn. 34, 275 N. W. 421) and not a decree of limited divorce. It is doubtful, to say the least, whether the statute applies in the instant case.

Defendant is allowed an attorney's 'fee of $100 in this court in addition to regular taxable costs and disbursements.

Affirmed.