## DAVIS v. DAVIS

(No. 2170; March 18, 1941; 111 Pac. (2d) 124)

For the plaintiff and appellant, there were briefs by *T. S. Taliaferro, Jr.* and *A. L. Taliaferro* of Rock Springs, and oral argument by *A. L. Taliaferro.*

526

For the plaintiff and respondent, there was a brief and oral argument by *Alfred M. Pence* of Laramie.

RINER, Chief Justice.

In this case the district court of Sweetwater County granted a judgment on the pleadings in favor of the defendant, Dolores Davis, upon the latter's motion to that effect, and the plaintiff, John Davis, has brought the record here by direct appeal for review. The parties will be usually mentioned as aligned in the trial court.

On August 30, 1939, the plaintiff filed his petition in the court aforesaid, charging in Paragraph 2 that "on or about the 24th day of August, 1938, the defendant wilfully deserted the plaintiff, and has ever since, though constantly requested so to do, failed and refused to return to the plaintiff, and to the plaintiff's home, and resume their marriage relations". The petition also set forth the date of the marriage of the parties; that plaintiff was not guilty of the "same misconduct" as he therein charged against the defendant; that there was no collusion between the parties; and that there were no children of the marriage. Plaintiff prayed that a divorce be granted him against the defendant. To this petition the defendant, on November 7, 1939, filed her answer, wherein she admitted the other allegations of the petition mentioned above, but

denied those contained in Paragraph 2 just quoted, and in connection therewith she alleged "that the defendant and the plaintiff have lived separately since August 24, 1938; that on the 6th day of September, 1938, defendant began an action in the District Court of Sweetwater County, praying for a decree of separate maintenance; that thereafter on the 29th day of April, 1939, judgment was entered in said action, a full, true and correct copy of which is attached hereto, marked Exhibit 'A' and by this reference made a part hereof as fully as though the same were extended herein; that the defendant is and has been since April 29, 1939, living separate and apart from the plaintiff under the decree of separate maintenance as set forth in Exhibit 'A' attached hereto". It was additionally alleged in said answer, supplementing the above quoted allegations therefrom, that "plaintiff's conduct during the period of their cohabitation was such that it was impossible for the defendant to live with him".

"Exhibit A", pleaded by defendant's answer, purports to be a copy of a judgment of the district court of Sweetwater County, dated April 29, 1939, in a litigated matter arising between the same parties as here concerned in the present action. After reciting the personal appearances of the several parties and their counsel, with their respective witnesses, and that the court "having heard the evidence and being advised, finds for the plaintiff, and that, while living separate and apart from the defendant, she should receive" from the defendant, John Davis, certain specified amounts as "support money" and attorney's fees, judgment was entered accordingly that she recover from John Davis said moneys "as separate maintenance while said parties are living separate and apart, and until the further order of this court".

Replying to defendant's answer, plaintiff admits the averment of the defendant's answer "that the defend-

ant and the plaintiff have lived separately since August 24, 1938" and that the aforesaid "Exhibit A" is a copy of the decree of the Sweetwater district court "in the case in which the same is entitled, as shown by said copy". The other allegations of defendant's answer are met with denials.

Upon this state of the pleadings the defendant moved that judgment be given in her favor because "the plaintiff in his reply to the defendant's answer admits that Exhibit 'A' attached to the defendant's answer is a copy of the decree of this court in the case in which the same is entitled, and that by so admitting plaintiff acknowledges a judicial separation of the parties to this action which nullifies the allegation of a wilfull desertion on the part of the defendant dating from the 24th of August 1938".

The statutes of this State involved in this controversy are respectively Section 35-108 W. R. S., 1931, which in that part now pertinent reads:

"A divorce from the bonds of matrimony may be decreed by the district court of the county where the parties, or one of them reside, on the application of the aggrieved party by petition, in either of the following cases: * * * *

"Fourth—When either party has wilfully deserted the other for the term of one year; * * * *"
and the relevant part of Section 35-121, whose language is:

"When the husband and wife are living separately, or when they are living together, but the husband failing and neglecting to contribute to the support of the wife and children, or either, and no proceeding for divorce is pending the wife may in behalf of herself or minor children if any or either, institute a proceeding by petition setting forth fully her case and upon five days' notice to the husband, if he can be served personally with notice in the state, the judge may hear the same in term or vacation, and grant such order

concerning the support of the wife and children, or either, as he might grant, were it based upon a pending proceeding for divorce, to be enforced in the same manner, together with any remedy applicable in a court of equity, such as appointing a receiver and the like."

The plaintiff's position as the appealing party here is, as we understand it and as stated by him, that the Wyoming statute (Section 35-121, supra) "does not make it necessary that the Court should inquire into whether the wife was to blame, or whether the husband was to blame, or whether either of them were wrong-doers", and that the decree of the trial court granting separate maintenance to Dolores Davis "does not attempt to fix any blame on either of them", i. e. upon husband or wife.

It is quite apparent from what has been set forth above that on the 29th of April, 1939, after a hearing, at which both the parties hereto, with their several witnesses, were present, the court found the issues raised in that case for the then plaintiff, Dolores Davis, and decreed to her separate support and maintenance. It is equally apparent that at that time the then defendant, John Davis, and the then plaintiff had "lived separately since August, 1938".

We think it likewise plain that the court before granting the separate maintenance decree, aforesaid, must have inquired into the situation to ascertain what was the cause of the separation of these parties, why they were living apart from each other, and at the close of the cause must have concluded the wife was not at fault in living apart from her husband. It is, we think, inconceivable that had the court found that the wife was at fault and had without just cause departed from the side of her husband, as the normal marriage relation requires, the decree as pleaded would have been passed.

The State of Georgia seems to have had a statute in terms quite like our Section 35-121, quoted above. The Georgia statute (Civil Code of 1910, Section 2986), reads:

"When husband and wife are living separately, or are bona fide in a state of separation, and there is no action for divorce pending, the wife may, in behalf of herself and her minor children, if any, or either, institute a proceeding by petition setting forth fully her case; and upon three days notice to the husband, the judge may hear the same in term or vacation, and grant such order as he might grant were it based on a pending libel for divorce, to be enforced in the same manner, together with any other remedy applicable in a court of equity, such as appointing a receiver and the like; * * * *"

Under that law it has been held in Sikes v. Sikes, 143 Ga. 314, 85 S. E. 193, that under the statute quoted above, where a wife brought suit against her husband for permanent alimony, and the evidence on her behalf tended to show that she and her husband were living bona fide in a state of separation, and that such separation was caused by cruel treatment on the part of the husband toward the wife, it was error to grant a nonsuit. In the case last cited the court in discussing the decision of the same tribunal in Glass v. Wynn, 76 Ga. 319, said:

"That case does not establish as an inviolable rule that the mere fact of separation (not mutually voluntary), regardless of its cause or the surrounding circumstances, will give to the wife a right to alimony. But, on the other hand, it does establish the rule that if the wife leaves the husband because of his cruel treatment toward her, this does not prevent her from obtaining alimony. That case has been fully discussed in Coley v. Coley, 128 Ga. 654, 658, 58 S. E. 205. On the subject of what constitutes cruel treatment it was cited in Ray v. Ray, 106 Ga. 260, 263, 32 S. E. 91, and criticized in Ring v. Ring, 118 Ga. 183, 44 S. E. 861, 62 L. R. A. 878.

"In Vinson v. Vinson, 94 Ga. 492, 19 S. E. 898, voluntary abandonment of the husband by the wife without cause, together with certain other circumstances, was held to be sufficient to make it error on the part of the judge of the superior court to award temporary alimony. In that case it did not appear that any divorce suit was pending."

In Davis v. Davis, 145 Ga. 56, 88 S. E. 566, it was also held that where no divorce suit was pending and alimony was applied for because the husband and wife were living in a bona fide state of separation, it was an abuse of discretion, upon a hearing for temporary alimony, to make an allowance to the wife where it was admitted that the husband provided everything he could for his wife, and a fair analysis of the evidence disclosed no cruel treatment of the wife by the husband, and also showed that the wife refused to live with the husband because of mutual antipathy between him and the wife's mother, and that the husband had prepared and furnished a home and asked the wife to come to it, but she refused to do so, assigning as her reason that she no longer loved him and did not wish to go with him.

And in Brisendine v. Brisendine, 152 Ga. 745, 111 S. E. 22, the Supreme Court of Georgia decided that where there was a proceeding under the Civil Code of 1910, Section 2986, for the allowance of alimony and counsel fees, where it appeared that the husband and wife were living in a bona fide state of separation and upon the hearing the testimony of the wife clearly showed that she voluntarily abandoned her husband without just cause, it was an abuse of discretion to allow her alimony and counsel fees, citing the Davis case in 145 Ga. 56, 88 S. E. 566, supra. See also 30 C. J. 1076, Section 871, where it is stated that the rule is: "To entitle the wife to an allowance for separate maintenance, the grounds upon which her claim is based must exist without her fault."

The editorial note in 49 L. R. A. (N. S.) 86, concerning the right of a wife in fault for separate maintenance, says that:

"The reasoning upon which misconduct is held to constitute a bar to such a recovery, generally, is that, since the suit is equitable in its nature, the wife, where in fault for the separation, does not come into equity with clean hands, since it is her duty to live with her husband, and equity does not sanction the living apart of husband and wife where the marital bonds have not been severed. This reasoning is generally held to obtain even in jurisdictions which have statutory provisions for the maintenance of actions for separate maintenance where the husband and wife are living separate. In some jurisdictions, however, the question of fault is expressly dealt with in the statutes, and of course where that is the case the decisions turn largely upon the construction to be given the terms of such statutes. But even in such cases the courts have applied equitable principles in nearly all instances in which the statute was not sufficiently express to preclude any question as to its proper interpretation."

It is familiar law also, as stated by Black on Judgments, Second Edition, Section 754, and quoted in Hennessy v. C. B. & Q. Ry. Co. et al., 24 Wyo. 305, 314, 157 P. 698, that:

" 'A party cannot relitigate matters which he might have interposed but failed to do in a prior action between the same parties or their privies in reference to the same subject matter; and, if one of the parties failed to introduce matter for the consideration of the court that he might have done, he will be presumed to have waived his right to do so. If a party fails to plead a fact he might have pleaded or fails to prove a fact he might have proven, the law can afford him no relief. When a party passes by his opportunity the law will not aid him.' The reasons for the rule are obvious. A party should not be put to the trouble and expenses of defending against an alleged liability in several suits which could and should be determined in

a single action; and litigation should not be unnecessarily or unduly prolonged."

See also 34 C. J. 822 and cases cited in Note 96.

Under these authorities it would appear that it was the duty of the defendant, John Davis, in the separate maintenance action, to interpose the defense that his wife deserted him wilfully, as he alleges in the instant litigation. That being so, we have before us a decree for separate maintenance in favor of the wife, with the issues found against the husband. This situation would, as we view it, negative any misbehavior, such as desertion by her of her husband, up to April 29, 1939, the date of that decree, and would justify her in relying upon that decree as legal sanction for her living apart from her husband.

The petition in the case at bar was filed approximately only four months after the decree of separate maintenance was granted. Nothing appears in this record disclosing changed circumstances or the erasure or alteration of the decree of separate maintenance. It seems to us that that being so the plaintiff, John Davis, could not maintain the present action for divorce on the ground of wilful desertion, contemplated by Section 35-108, supra.

In the quite recent case of Bliss v. Bliss (Minn.) 293 N. W. 94, decided June 21, 1940, the court said:

"The statute authorizes a divorce for willful desertion for one year next preceding the commencement of the action. Mason's Minn. St. 1927, § 8585(5). This means that the separation must be without sufficient cause or excuse.

"Where a wife is living apart from her husband under an order or judgment of the court, the separation is neither wrongful nor unlawful for the reason that such order or judgment determines that there is legal cause for the separation and thus gives it legal

sanction. Such a separation is for legal cause and with legal excuse. Lewis v. Lewis, 206 Minn. 501, 289 N. W. 60; Hoffmann v. Hoffmann, 174 Minn. 159, 218 N. W. 559."

Further, as we view the matter, the question involved in the case at bar was in fact settled against the plaintiff, John Davis, by our decision in Malouf v. Malouf, 54 Wyo. 233, 90 P. 2d 277, where the above quoted provisions of Section 35-108 and 35-121 were considered, and as stated in substance in the syllabus in that case, it was decided that under these statutes a wife who lived apart from her husband pursuant to a decree of separate maintenance, had not "wilfully deserted" her husband so as to permit him to secure a divorce for desertion.

We conclude accordingly that the judgment of the district court of Sweetwater County attacked by this appeal was correct, and it should be, and is, affirmed.

Relative to the defendant's motion for attorney's fees here, it was stipulated between the parties, through their counsel, that in the event it was our conclusion that the wife, Dolores Davis, was entitled to counsel fees in this court the amount thereof should be the sum of $250.00. We are of opinion upon the proofs submitted by affidavit, which do not seem to be controverted, that she was entitled to an order directing the payment of attorney's fees upon the authority of Duxstad v. Duxstad, 16 Wyo. 396, 94 P. 463. A proper order to that effect will be made and entered.

*Affirmed.*

KIMBALL and BLUME, JJ., concur.