RACHEL HEDWIG ATWOOD v. WILLIAM EARL ATWOOD.[1]

August 5, 1949.

No. 34,845.

[1]Reported in 39 N. W. (2d) 103.

334

*McCabe, Gruber, Clure, Donovan & Crassweller* and *Lewis, Hammer & Heaney,* for appellant.

*Kelly, Mangan & Kelly,* for respondent.

MATSON, JUSTICE.

Plaintiff appeals from a judgment in an action for divorce.

Plaintiff, the wife, commenced an action for separate maintenance and support. Defendant then filed an answer and a cross bill for an absolute divorce on the ground of cruel and inhuman treatment. In his cross bill, defendant alleged that plaintiff was not a suitable person to have the care and custody of their two minor children and prayed for their custody. Prior to the trial, plaintiff moved and was permitted to withdraw her complaint without prejudice, whereupon the cause was tried on the issues framed by defendant's cross bill and plaintiff's reply.

Although the trial court denied defendant a divorce—on the ground that both parties had been guilty of cruel and inhuman treatment—it awarded custody of the children to plaintiff and ordered defendant to pay plaintiff $500 per month as permanent alimony and as support money for the two minor children, who were then five and eight years of age. In addition, defendant was ordered

to pay all reasonable medical, psychiatric, and special schooling expense reasonably necessary for the eldest child, who was retarded mentally; monthly mortgage installments to come due on the family home, the possession of which was awarded to plaintiff; and certain attorneys' fees. .

By her appeal from the judgment, which was entered after her motion for a new trial was denied, plaintiff raises the fundamental issue of whether a trial court in a divorce proceeding, after denying a divorce therein, retains jurisdiction in the same proceeding—in the absence of statutory authorization therefor—to make an order providing for the custody and the maintenance of the minor children of the parties where such parties, without the benefit of any adjudication, are in fact living separate and apart from each other.

In considering the above issue, it should be borne in mind that the parties at all times pertinent have been living in *unadjudicated* separation; that the issue of custody was raised by the pleadings[2]; that a divorce was denied on the merits; and that the trial court—as shown by its memorandum, which was made a part of its order— awarded plaintiff alimony and possession of the household *primarily as a necessary incident to the support order for the children and not by reason of any merit on her part.*

■ G. S. 1913, § 7140 (Mason St. 1927, § 8614), as construed in Jacobs v. Jacobs, 136 Minn. 190, 161 N. W. 525, L. R. A. 1917D, 971, authorized the district court in an action for divorce or separation, where a decree of divorce or separation was denied and the parties were in fact living apart, to make provision for the custody and maintenance of the minor children. By L. 1933, c. 165, § 7140, as well as certain related sections (Mason St. 1936 Supp. §§ 8608-8615) authorizing an action for a limited divorce, was repealed. It is contended that such repeal has deprived the court of all power to provide in a divorce action, where a divorce is denied, for the custody and maintenance of minor children. In Barich v. Barich,

---

[2]In re whether the issue of the custody need be presented by the pleadings in a divorce action, see Urbach v. Urbach, 52 Wyo. 207, 73 P. (2d) 953, 113 A. L. R. 889.

201 Minn. 34, 275 N. W. 421, however, we held that the abolition by a repealing statute of an existing statutory remedy, without more, can have no effect upon a well-established and long-existing common-law or equitable remedy. See, Bliss v. Bliss, 208 Minn. 84, 293 N. W. 94.

■ It is the general rule that, if for any reason a husband and wife have in fact separated and are living apart, the court, when its power is invoked by habeas corpus proceedings, may determine which parent shall have the custody of the children, and that the court in such cases will place the interests of the children above the rights of either parent and will make such provisions for their care and custody as will best serve their welfare.[3] State ex rel. McDonough v. O'Malley, 78 Minn. 163, 80 N. W. 1133; see, Jacobs v. Jacobs, 136 Minn. 190, 194-195, 161 N. W. 525, 527, L. R. A. 1917D, 971, and cases therein cited; Warren, Schouler Divorce Manual, § 293(b); 2 Nelson, Divorce and Annulment (2 ed.) § 15.34.

■ It is well settled in this state, and by the great weight of authority elsewhere, that, independently of any statute on the subject, the court in the exercise of its general equitable powers, though an action for divorce or separate maintenance is not pending and though grounds for such action do not exist, may award the wife support and maintenance where she is justifiably living apart from the husband.[4] Obviously, this general equitable power includes the right to make provisions for the custody and maintenance of minor children, who are in no way responsible for the

---

[3]Where the writ is used to determine the custody of a minor child, the proceeding partakes of the nature of a suit in equity and is considered to be one in rem, the *res* being the child's status or his legal relationship to another. State ex rel. Larson v. Larson, 190 Minn. 489, 252 N. W. 329; 2 Nelson, Divorce and Annulment (2 ed.) § 15.32; see, 2 Dunnell, Supp. § 2813, and 3 *Id.* § 4433b.

[4]Bliss v. Bliss, 208 Minn. 84, 293 N. W. 94; Barich v. Barich, 201 Minn. 34, 275 N. W. 421; Pye v. Magnuson, 178 Minn. 531, 227 N. W. 895; Waller v. Waller, 160 Minn. 431, 200 N. W. 480; Robertson v. Robertson, 138 Minn. 290, 164 N. W. 980; Jacobs v. Jacobs, 136 Minn. 190, 161 N. W. 525, L. R. A. 1917D, 971; Baier v. Baier, 91 Minn. 165, 97 N. W. 671.

failure of their parents to live together. See, Jacobs v. Jacobs, 136 Minn. 190, 161 N. W. 525, L. R. A. 1917D, 971; 2 Nelson, Divorce and Annulment (2 ed.) § 15.34; Dovi v. Dovi, 245 Wis. 50, 13 N. W. (2d) 585, 151 A. L. R. 1368. This power of courts of equity to protect infants, which was formerly exercised by the king as *parens patriae* or by the chancellor by delegation as the king's personal representative, is now exercised by the state as an attribute of its sovereignty. In re Adoption of Pratt, 219 Minn. 414, 18 N. W. (2d) 147.[5]

Although the general power of a court of equity, independent of divorce proceedings, to make provision for the custody and maintenance of infants is universally recognized, there is a substantial division of authority as to whether that power may be exercised in a divorce action after the court has denied a divorce or separate maintenance. 17 Am. Jur., Divorce and Separation, §§ 677, 702; 2 Nelson, Divorce and Annulment (2 ed.) § 15.34. One line of authority holds that, although statutes relating to divorce empower courts *granting* divorces to make provisions for the support and custody of the children, such relief is strictly statutory and incidental to the actual *granting* of a divorce, and that where a divorce is denied no power remains to make orders in such action for support and maintenance. These strict-construction courts concede, however, that after the parties in a divorce action have been ousted from the court's jurisdiction through a denial of divorce, they may at once reënter through a different jurisdictional door in the form of a subsequent proceeding for the determination of custody and maintenance, either by resort to habeas corpus or to an independent suit in equity.

■ The more modern and better rule, the one we choose to follow, is that a court in an action for a divorce, after denying a divorce, retains jurisdiction in the same action, under its general equitable

---

[5]For the historic origin and development of this power, see Matter of Badger, 286 Mo. 139, 226 S. W. 936, 14 A. L. R. 286; Dovi v. Dovi, 245 Wis. 50, 13 N. W. (2d) 585, 151 A. L. R. 1368; Finlay v. Finlay, 240 N. Y. 429, 148 N. E. 624, 40 A. L. R. 937.

powers, to make provisions for the care and custody of the minor children where the parents are in fact living apart from each other. Although the granting of a divorce is purely statutory, it is fundamental that, when a statute is passed authorizing courts in equity in divorce actions to determine the custody of children, it merely makes applicable to divorce actions an equitable jurisdiction which the courts already possess and which might be exercised without the aid of a statute. The enactment of such statutes, though fundamentally not necessary, has served a useful purpose, because it has made for procedural certainty. Dovi v. Dovi, 245 Wis. 50, 13 N. W. (2d) 585, 151 A. L. R. 1368; 2 Schouler, Marriage and Divorce (6 ed.) § 1882. Although there is substantial and respectable judicial opinion that this equitable power ought not to be exercised in a state where jurisdiction to grant a divorce is vested in a court of equity, which already has jurisdiction to protect the interest of a child, we cannot concur with that view. It seems wholly illogical and impractical to make the exercise of a court's protective jurisdiction over infants dependent upon a needless circuity of actions. This is particularly true where, as in Minnesota, the distinction between actions at law and suits in equity, and the forms of such actions and suits, are abolished. M. S. A. 540.01. Why send the parties who are already before the court out through one jurisdictional door when they may immediately, via a subsequent and different action, return for such relief through another door? When the parties are before the court and their domestic affairs have been subject to judicial investigation, it would seem then to be the proper time to adjudicate the children's welfare and make provision for their custody and maintenance. The welfare of minor children should be adjudicated with promptness and with freedom from unnecessary litigation. The children are not responsible for the estrangement and separation of their parents, and their rights are not dependent upon the degree of culpability of either or both parents. Jacobs v. Jacobs, 136 Minn. 190, 161 N. W. 525, L. R. A. 1917D, 971; see, 2 Nelson, Divorce and Annulment (2 ed.) § 15.34; 2 Schouler, Marriage and Divorce (6 ed.) § 1882; 17 Am. Jur.,

Divorce and Separation, §§ 677, 702; 27 C. J. S., Divorce, § 307. The leading decisions, both concurring with and contrary to our view, are collated in the following annotations: 151 A. L. R. 1368, 113 A. L. R. 901, 35 L.R.A.(N.S.) 1159, and Ann. Cas. 1912B, 350.

It is contended that the trial court erred in granting plaintiff permanent alimony after a divorce had been denied to defendant. It is argued that by doing so the court in effect awarded plaintiff separate maintenance, which is a statutory right available only to the wife and only on her complaint and demand. We find no error. In making provisions for the custody and maintenance of the children, the court was not, as an incident of a divorce proceeding or otherwise, adjudicating custody or other rights of the parents as against each other, but was simply exercising its general equitable power to protect the children from neglect arising from parental strife. The trial court did not decree that the parties should live separately. They are free to end their separation and live as husband and wife with a single place of abode. Neither the justification nor the necessity for separate living has ever been adjudicated. The trial court simply and primarily made provision for the minor children, whose needs arise wholly out of an existing but unadjudicated separation of their parents. Neither the court nor the children are responsible for the failure of the parents to maintain a unified family home; but when such parents do live in separation, it becomes the court's duty to protect the children by fixing, when the circumstances of the individual case so require, a definite responsibility for their care and maintenance. Beyond the bodily essentials of food, clothing, and medical care, minor children require constant and responsible supervision. Here, the trial court did nothing more than safeguard the children's welfare. In a memorandum made part of the order denying plaintiff's motion for a new trial, the trial court said that *the provisions for the support of plaintiff were made primarily as a necessary incident to the support order for the children,* and not by reason of any merit on plaintiff's part. In other words, independent of the needs of the children, no separate maintenance was provided for the wife, and

the allowance to her of alimony is simply a device to give the children essential supervisory care. It makes little difference whether a financial provision primarily for the benefit of minor children is in part called alimony or called—what it here is in fact—a special allowance for the maintenance of a person charged with responsibility for their supervision. Similar considerations justify awarding plaintiff, for the welfare of the children, the use of the family home. If at any future time the parents should elect to live together and thereby to assume a normal role in caring for their children, then, upon a proper showing to the court, they will no doubt be permitted to enjoy, without court supervision, a joint and voluntary responsibility for their children's welfare.

Defendant made a motion to dismiss plaintiff's appeal on the ground that plaintiff had accepted all the benefits awarded to her under the judgment and decree from which she appealed. The motion is without merit. As already noted, plaintiff was awarded alimony and possession of the family home, *not for the purpose of conferring upon her any benefit or in recognition of any merit on her part,* but primarily as a necessary incident to the provisions that were made for the care and custody of the children. The acceptance by a plaintiff wife of an award to her of the custody of the children and of provisions which are made primarily for their care, support, and benefit is not such an acceptance of the benefits of a judgment as will preclude plaintiff personally from attacking it on appeal. See, Spratt v. Spratt, 151 Minn. 458, 185 N. W. 509, 187 N. W. 227; Coley v. Coley, 128 Ga. 654, 656, 58 S. E. 205. An acceptance of attorneys' fees awarded for payment to plaintiff's counsel is not such an acceptance of a benefit as will estop plaintiff from taking an appeal from the judgment. Gran v. Gran, 129 Minn. 531, 152 N. W. 269; 1 Dunnell, Dig. & Supp. § 287; Annotation, 169 A. L. R. 985.

Plaintiff is allowed $500 as attorney's fees on this appeal. Statutory costs are denied to defendant.

The judgment of the district court is affirmed.

Affirmed.

PETERSON, JUSTICE (specially concurring).
I concur in the result.