## EILEEN M. CHOPP v. WILLIAM R. CHOPP.

102 N. W. (2d) 318.

April 8, 1960—No. 37,652.

*Joseph P. Johnson,* for appellant.
*Peterson, Popovich & Marsden,* for respondent.

KNUTSON, JUSTICE.

This is an appeal from an order of the trial court denying plain-

tiff's alternative motion for amended findings of fact, conclusions of law, and order for judgment or a new trial.

The action is one brought for an absolute divorce. Plaintiff and defendant were married on April 30, 1943, and lived together as husband and wife until November 1957. There are living as the issue of said marriage three minor children, aged 14, 9, and 4 years, respectively. Plaintiff alleges in her complaint that defendant has been guilty of cruel and inhuman treatment toward her in the following respects:

"(a)   That defendant did continuously during the married life of said parties strike and beat and mishandle the minor child of the parties, William Robert Chopp, to cause distress to plaintiff;

"(b)   That defendant did during the married life of the said parties embarrass plaintiff in front of her friends and family;

"(c)   That defendant did during the married life of said parties falsely accuse plaintiff of wrongdoing and malign her in public and otherwise, much to plaintiff's distress and anguish;

"(d)   That defendant did strike and beat plaintiff during the married life of said parties;

"(e)   That defendant did during the married life of said parties recite false and malicious statements about plaintiff to her friends and family,"

and that said cruel and inhuman treatment has made and rendered her nervous, irritable, and uneasy and has caused her mental distress and suffering and has rendered the continuation of the marriage relationship impossible without serious detriment to her health. The allegations regarding defendant's cruel and inhuman treatment were denied.

The trial court made only one finding of fact, namely:

"That the plaintiff has failed to prove her cause of action for an absolute divorce brought against the defendant on grounds of cruel and inhuman treatment,"

and, on the basis thereof, denied plaintiff a divorce. Plaintiff moved for amended findings of fact, setting forth in detail the facts she believed the court should have found. This motion was in all things denied.

Plaintiff, in essence, assigns as error the court's failure to find the facts more in detail; failure to find the facts in her favor; and failure to award reasonable attorney's fees and costs.

■ It would be of no value to either party to set forth the evidence in detail. By the evidence which she adduced, plaintiff attempted to establish that over a period of quite a number of years defendant had committed acts that, if accepted as true, might have justified a finding of cruel and inhuman treatment as defined by our case law. Cruel and inhuman treatment so as to justify a divorce is defined in Williams v. Williams, 101 Minn. 400, 404, 112 N. W. 528, 530, as follows:

"* * * There are two well-recognized classes of such misconduct. The first is the obvious one of actual or threatened physical violence of such a character as to endanger life, limb, or health, or to create a reasonable apprehension of it. Milford v. Milford, 36 L. J. (N.S.) P. & M. 30, 37 L. J. (N.S.) P. & M. 77. The second is such other equivalent and serious misconduct which, unjustified in fact, is so plainly subversive of the relationship of husband and wife as to make it impossible that the duties of married life should be discharged, or its objects attained, and to be so hopelessly inimical to the health or the personal welfare of the injured party as to render continuance of the relationship intolerable."

Much of the testimony of plaintiff and her witnesses was disputed by defendant. He either denied having done the things charged by plaintiff or minimized the severity of them. Whether the acts complained of constituted cruel and inhuman treatment presented a fact question for the trial court's determination. The court was of the opinion that a reconciliation was possible, and it is enough for us to say that from an examination of the record we are convinced that the evidence is such that the court could have found either way. Determination of these fact questions rested largely on the credibility of the witnesses and the weight to be given to their testimony. It follows that, unless there are other prejudicial errors, we must affirm.

■ The most serious claim of plaintiff relates to the court's failure to find the facts more in detail. Rule 52.01 of Rules of Civil Procedure provides:

"In all actions tried upon the facts without a jury or with an advisory jury, the court shall find the facts specially and state separately its conclusions of law thereon and direct the entry of the appropriate judgment; * * *."

The type of finding used in this case does not comply with this rule. However, we need not reverse unless some prejudice is shown to exist by virtue of the trial court's failure to observe the rule. In her motion for amended findings, plaintiff sets forth in detail the facts which she believes the court should have found. A denial of that motion is tantamount to contrary findings.[1] The purpose of requiring findings to be made is to make sure, at least in part, that the court passes on each fact issue. When a motion to amend which specifies the facts that the movant desires the court to find is denied, it cannot be said that the court has not passed on such facts.[2] It follows here that, while we do not approve of the failure to find the facts specially, we are of the opinion that the denial of plaintiff's motion shows conclusively that the court passed on the facts which she now claims it was error for the court to fail to find.

■ Plaintiff next contends that the court should have made provision for the custody of the minor children and for their support. The court could have done so if it appeared that the parties were to live apart even though the divorce be denied.[3] The court was of the opinion that the parties should get together. If that hope has failed to materialize, the trial court can make provision for custody and support of the children at any time. On the record before us, we cannot say that it was reversible error not to do so at the time of the trial of this case.

The trial court allowed $250 temporary attorney's fees and expenses and thereafter denied plaintiff's request for additional fees or

---

[1]Alsdorf v. Svoboda, 239 Minn. 1, 57 N. W. (2d) 824; Martens v. Martens, 211 Minn. 369, 1 N. W. (2d) 356; Sheffield v. Clifford, 186 Minn. 300, 243 N. W. 129.

[2]Smith v. Benefit Assn. of Railway Employees, 187 Minn. 202, 244 N. W. 817.

[3]Atwood v. Atwood, 229 Minn. 333, 39 N. W. (2d) 103.

costs. The trial of the case lasted several days. We think that the allowance was inadequate, but, rather than remand the case with directions to allow additional fees,[4] plaintiff will be allowed $750 for attorney's fees and expenses[5] in this court to cover what ordinarily would be allowed here and to offset failure of the trial court to allow further fees and expenses in the trial of the case. No statutory costs will be allowed defendant, and, if defendant's disbursements are taxed in this court, an additional amount will be allowed plaintiff to equal the amount so taxed.

Affirmed.

MR. JUSTICE LOEVINGER, not having been a member of the court at the time of the argument and submission, took no part in the consideration or decision of this case.

---

[4]See, Gilman v. Gilman, 150 Minn. 271, 185 N. W. 649.

[5]As to the right to allow expenses in this court, see Spratt v. Spratt, 140 Minn. 510, 166 N. W. 769, 167 N. W. 735.