CLS, Appellant (Plaintiff),

v.

CLJ, JME, and CJE, Appellees (Defendants).

No. C–84–1.

Supreme Court of Wyoming.

Jan. 18, 1985.

Rodney P. Lang of Gardzelewski & Lang, Laramie, for appellant.

James W. Gusea of Vines, Gusea & White, P.C., Cheyenne, for appellees.

Before THOMAS*, C.J., and ROSE, ROONEY**, BROWN and CARDINE, JJ.

CARDINE, Justice.

This appeal is from an Order of Dismissal With Prejudice of a second action to establish the existence of a father-child relationship between appellant and CJE and to rebut the presumed paternity of JME. We affirm.

CJE was born in October 1980 during the marriage of CLJ and JME. In April 1981, appellant filed suit to establish his paternity with CJE and rebut the presumed paternity of JME. A trial was set for December 9, 1981. On January 13, 1982, appellant's suit was dismissed with prejudice because of his failure to appear at the trial. Thereafter appellant petitioned the court for an order to vacate the judgment of dismissal. The petition was denied on March 8, 1983. Appellant then filed a second suit on October 13, 1983, again seeking to establish his paternity of CJE. This suit was dismissed because it involved issues already adjudicated and because appellant lacked standing.

The only question we need address is whether res judicata operates to prevent appellant from further litigating the issue of paternity.

Res judicata is a facet of the Anglo-American system of unified adjudication.

"A court does not face a legal problem as a new, pristine blackboard 'never writ upon.' Decisions are mirrors of past decisions and in turn are reflected in the decisions of the future. The continuum can no more be broken than can reflecting mirrors be interrupted." A. Vestal, *Res Judicata/Preclusion* at V-3 (1969). The doctrine of res judicata is that a judgment, decided upon the merits by a court with jurisdiction, is conclusive of that cause of action and facts or issues litigated, both to the parties and their privies in any other action in the same or different court of concurrent jurisdiction on the same issues. 46 Am.Jur.2d Judgments § 394.

"Res judicata is the term applied to the rule that a final judgment rendered by a court of competent jurisdiction on the merits is conclusive as to the rights of the parties and their privies; and, as to them, it constitutes an absolute bar to a subsequent action involving the same claim, demand, or cause of action." *Barrett v. Town of Guernsey*, Wyo., 652 P.2d 395, 398 (1982).

Res judicata is a rule of universal law which pervades every well-regulated system of jurisprudence. *Rubeling v. Rubeling*, Wyo., 406 P.2d 283 (1965). A final, valid determination on the merits of a case is conclusive on the parties and those matters adjudicated. *Roush v. Roush*, Wyo., 589 P.2d 841 (1979).

In cases involving identical parties, capacity of parties, cause of actions, and subject matter, a decision in the first case bars relief in the second case. *United Nuclear Corp. v. General Atomic Co.*, 98 N.M. 633, 651 P.2d 1277 (1982). The criteria involved in res judicata are: (1) identity in parties; (2) identity in subject matter; (3) the issues are the same and relate to the

* Became Chief Justice January 1, 1985.

** Chief Justice at time of oral argument.

subject matter; (4) the capacities of the persons are identical in reference to both the subject matter and the issues between them. *Fox v. 7L Bar Ranch Co.*, Mont., 645 P.2d 929 (1982). See, *Kumberg v. Kumberg*, 232 Kan. 692, 659 P.2d 823 (1983). A policy reason for res judicata is that each litigant shall be limited to one opportunity to try his case on the merits. *Santos v. State, Dept. of Transp., Kauai Division*, 64 Haw. 648, 646 P.2d 962 (1982).

> "The principle of res judicata fosters reliance on judicial action, and tends to eliminate vexation and expense to the parties, wasted use of judicial machinery and the possibility of inconsistent results." Developments in the Law, Res Judicata, 65 Harvard L.Rev. 820 (1952). See also, *Delgue v. Curutchet*, Wyo., 677 P.2d 208 (1984).

Appellant contends that the doctrine of res judicata does not apply because the facts, parties, claims, and issues in the two actions are different because of the divorce of CLJ and JME. According to the pleadings in his first complaint, appellant sought to establish his paternity by overcoming the statutory presumption provided under § 14–2–102(a)(i), W.S.1977, which states:

> "(a) A man is presumed to be the natural father of a child if:
>
> "(i) He and the child's natural mother are or have been married to each other and the child is born during the marriage, or within three hundred (300) days after the marriage is terminated by death, annulment or divorce or after a decree of separation is entered by a court * * *."

Appellant contends that the complaint in the second suit raises different issues because he added to his pleading § 14–2–102(a)(iv), W.S.1977, which provides:

> "(a) A man is presumed to be the natural father of a child if:
>
> "(iv) While the child is under the age of majority, he receives the child into his home and openly holds out the child as his natural child."

It is questionable whether § 14–2–102(a)(iv), W.S.1977, supra, applies to the facts of this case. However, if it is applicable, it could have been raised in the first suit filed by appellant for at that time appellee JME had received the minor child CJE into his home and openly held out CJE as his natural child. A party cannot relitigate issues which could have been presented in the previous suit. *Davis v. Davis*, 56 Wyo. 524, 111 P.2d 124, 138 A.L.R. 336 (1941). The second suit is identical in substance and in form to the first action. The expectations of appellant are the same, i.e., to establish his own paternity and to rebut the presumed paternity of appellee. The underlying facts are the same; the basis of the suit is the same. The fact that the defendants are now divorced does not alter the identity of the parties nor does it provide a basis for a different claim.

Appellant also contends that res judicata should not apply because the first case was not decided on the merits. Rule 6, Uniform Rules for the District Courts of the State of Wyoming, states:

> "Failure to appear at the time any trial or hearing is set will be grounds for dismissal or other appropriate action."

Rule 41(b), W.R.C.P., states in pertinent part:

> "(1) By Defendant.—For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against him. * * * Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, *operates as an adjudication upon the merits.*" (Emphasis added.)

It is true that the first suit filed by appellant did not result in a trial on the merits, yet res judicata applies since appellant was afforded the opportunity for a trial on the merits and his day in court. In *Jefferson v. Greater Anchorage Area Borough*, Alaska, 451 P.2d 730 (1969), the

court, after noting appellant's claim that the dismissal without an actual trial on the merits of the issues raised deprived him of his day in court and penalized him for the misconduct of his counsel, stated:

" 'The effect of his argument is that he has been deprived of his right to a hearing, because he was not granted permission to present his case at a later day than that set for hearing. However, the right to a day in court means not the actual presentation of the case, but the right to be duly cited to appear and to be afforded an opportunity to be heard. *Galpin v. Page,* 18 Wall. 350, 360, 21 L.Ed. 959. Appellants' contention that no judgment was rendered on the merits also is not tenable. A judgment on the merits does not require a determination of the controversy after a trial or hearing on controverted facts. It is sufficient if the record shows that the parties might have had their controversies determined according to their respective rights if they had presented all their evidence and the court had applied the law. Freeman on Judgments, 5th Ed., Vol. II §§ 723–725. Such an opportunity was afforded the appellant who did not avail himself of the right.' " 451 P.2d at 732 (quoting *Olsen v. Muskegon Piston Ring Co.,* 117 F.2d 163, 165 (6th Cir. 1941)).

An involuntary dismissal under Rule 41(b), operates as an adjudication on the merits. *Phillips v. Arizona Bd. of Regents,* 123 Ariz. 596, 601 P.2d 596 (1979); *Hook v. Horner,* 95 Idaho 657, 517 P.2d 554 (1973). Most of the cases which appellant cites as authority for the proposition that dismissal with prejudice is a harsh sanction are not applicable. Those cases involve appeals from the original dismissal and not appeals from an order dismissing a second case seeking to present the same facts and issues raised in a prior case.

A dismissal with prejudice is a final order and, therefore, subject to appeal in a timely manner. *Bush v. U.S. Postal Service,* 496 F.2d 42 (4th Cir.1974). See *Davis v. Operation Amigo, Inc.,* 378 F.2d 101 (10th Cir.1967). A timely appeal was not filed from the dismissal with prejudice of the first case, nor was the denial of the petition to vacate judgment appealed. The order of dismissal became final. The decision in the first suit, therefore, was as an adjudication on the merits and as such is res judicata as to all issues raised or that could have been raised. The effect is to bar the appellant's second suit seeking a determination of the same question presented in his first suit.

The decision of the district court is affirmed.